[L. A. No. 975.  Department Two.—January 24, 1902.]

## LONG BEACH CITY SCHOOL DISTRICT, Respondent, v. S. C. DODGE et al., Appellants.

BUILDING CONTRACT—NON-PERFORMANCE—LIQUIDATED DAMAGES—PLEAD-ING—EVIDENCE.—Where a building contract stipulated that in case of non-performance of the work by the contractor within the time specified he should pay as liquidated damages the sum of ten dollars for each day while the building should remain incomplete after such time, in order to recover such liquidated damages against the sure-ties on the bond of the contractor it is necessary both to plead and to prove that it would be impracticable or extremely difficult to fix the actual damage.  The admission of evidence to prove it, without pleading it, is erroneous.

ID.—PRESUMPTION AGAINST VALIDITY OF LIQUIDATED DAMAGES—EXCEP-TION TO BE PLEADED AND PROVED.—Under the general provisions of section 1670 of the Civil Code making all contracts for liquidated damages void, except as expressly provided in section 1671, it must be presumed, in the absence of a showing that the case is within the exception that the contract for liquidated damages is invalid; and the exception must be both pleaded and proved to overcome that presumption.

ID.—ABANDONMENT OF CONTRACT—SUMS PAID TO CORRECT EXISTING DEFECTS—LIABILITY OF SURETIES OF CONTRACTOR.—When the con-tract required the contractor to furnish all the labor and materials, and finish the building according to the plans and specifications, and the contractor abandoned the contract, sums paid to correct defects in workmanship or in materials improperly prepared, the defects in which could not be discovered with reasonable care until put in the building, are not properly chargeable to another con-tractor who completed the contract, but are paid for extra work, for the expense of which the original contractor and the sureties on his bond are justly liable.

ID.—KNOWLEDGE OF DEFECTS—CONCLUSIVE PRESUMPTION AGAINST ORIG-INAL CONTRACTOR—RESPONSIBILITY OF NEW CONTRACTOR.—The original contractor, having furnished the materials and performed the work up to the stage when he abandoned it, was conclusively bound to know all defects in the existing materials and workman-ship, and was bound under his contract to correct them.  The new contractor was not bound to know of defects that were not known or apparent to a skillful observer when he entered upon his contract, and such defects were not covered by his contract.  He was only bound to correct defects without extra compensation which were then apparent to him as a skilled observer.

CXXXV. Cal.—26

Id.—Recovery of Sums Paid to Cure Defects—Pleading—Uncertainty—Bill of Particulars.—Where the complaint alleged in substance that the original contractor did not provide the materials required by his contract, and in consequence of imperfect construction done and improper materials furnished the plaintiff was compelled to pay, and did pay, a specified sum for the correction of such work, so as to make it conform to the contract, such averments are not subject to a demurrer for uncertainty in not stating a cause of action as to each of the defects corrected. In such case, the only provision for simplifying the pleading as to particular defects is to demand a bill of particulars, or copy of the account in writing, under section 454 of the Code of Civil Procedure, which section is intended to apply to every claim in contracts which consists of several items.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Waldo M. York, Judge.

The facts are stated in the opinion.

McKinley & Graff, for Appellants.

J. S. Chapman, and Ward Chapman, for Respondent.

HAYNES, C.—The defendants are sureties upon the bond of one Theodore Lutge, to secure the performance of a building contract made with the plaintiff for the erection of a high-school building. Lutge abandoned the work before completion, and this action is brought against said sureties to recover certain damages specified in the complaint. The cause was tried by the court without a jury, and findings were filed and judgment entered for the plaintiff, and defendants appeal therefrom and from an order denying a new trial.

Lutge's contract was made August 25, 1897. He was required to furnish all the material and labor, and complete the building, in accordance with the plans and specifications, on or before the first day of February, 1898. The price to be paid was $11,269. Payments were to be made upon monthly estimates, made by the architect, of the value of the work done, irrespective of materials on the ground and not put into the structures, based upon the contract price, and warrants were to be drawn by the board of trustees for seventy-five per cent of these estimates in favor of the contractor, and the remainder was to be paid upon final completion upon the architect's cer-

tificate thereof, and upon evidence that all material and labor had been paid for. The contract further provided that the contractor should pay ten dollars per day, as liquidated damages, for each day the building should remain incomplete after February 1, 1898.

Lutge commenced work under said contract, and continued in the performance of it until December 8, 1897, when he quit and abandoned the work, and refused and neglected to prosecute it further. The plaintiff thereupon advertised for bids, and let a contract for the completion of the work to one Driskill, for the sum of $5,658.50.

The principal item contested in the court below related to plaintiff's claim for an alleged excess paid under the original contract and the new contract together, over the original contract price; and the question whether such excess was in fact paid depended upon the question whether the assignment of a certain warrant for $912.18 issued to Lutge and by him assigned to the receiver of the Willamette Steam Mill Lumber and Manufacturing Company, before he abandoned the work, but which had not been paid at the time of abandonment, was valid. If it was, then it was a payment to Lutge, and if not, that amount was still in the hands of the trustees. The trustees promptly brought an action to enjoin the payment of said warrant to Lutge's assignee, and a perpetual injunction was granted by the court below, but that judgment was reversed on appeal. (See *Long Beach School District* v. *Lutge,* 129 Cal. 409.) That case, however, had not been decided by this court at the time the present case was heard in the court below, and that court, after finding fully the facts above outlined, including the fact that the appeal in the former case had not been decided, found in favor of the plaintiff in the sum of $501.50 and costs, "but without prejudice to plaintiff's further recovering against these defendants, in case plaintiff is required to pay said sum of $912.18, or any part thereof, to Lutge or his assignees," or to laborers or material-men; and the judgment was so entered. No question is made as to this provision in the judgment by either party.

The other grounds upon which plaintiff sought to recover were,—1. Damage resulting from delay in the completion of the building; and 2. Additional sums which it is alleged the

plaintiff was compelled to pay in addition to the contract cost, for correcting imperfections in Lutge's work.

1. Lutge's contract, as set out in the complaint, contained the following provision: "The said contractor shall pay ten dollars per day to the party of the first part as liquidated damages for every day the said building shall remain incomplete after the first day of February, 1898." The complaint alleged that, by reason of the failure of said Lutge to perform his contract, "the plaintiff was not able to have the said building completed until the seventh day of April, 1898, and being sixty-six days after the time when the said Lutge contracted and agreed to have the said building finished, and the said delay was caused and made necessary wholly by the failure of the said Lutge to perform his said contract; and plaintiff was damaged by the said delay in the sum of $660.00."

Upon the trial the plaintiff put to its witness the following question: "Do you know anything with respect to the effect upon the district from the failure to have a proper high-school building?" Defendants objected that it was irrelevant and immaterial and not within the issues. Another question of like character was put also, for the purpose of proving that the damages could not be adequately ascertained, and that therefore the parties had a right to stipulate the amount of the damage. The objection was overruled, and the defendants excepted. Other testimony was received for the same purpose, and the court found the damages for delay, in accordance with that provision of the contract, in the sum of $280.

The principal question presented is one of pleading. The plaintiff assumed, and, I think, correctly, that the damages stipulated in this contract could not be recovered without evidence; that it would be impracticable or extremely difficult to fix the actual damage. As an illustration that such evidence is necessary, suppose the high school during this period occupied a leased building equally as well adapted to the purposes of the school as the one contracted to be erected: the damage sustained by the district would obviously be the rent of the building, and in such case stipulated damages could not control. Upon this subject the Civil Code contains the following provisions:—

"Sec. 1670. Every contract by which the amount of

damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.

"Sec. 1671.  The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

The first of these sections having declared *all* contracts fixing liquidated damages in advance to be void, except as provided in the next section, it is clearly incumbent upon the party seeking to recover upon such agreement to show by averment and proof that his case is within the exception, for without an allegation bringing his case within the exception the complaint in that regard is insufficient, the presumption being, in the absence of such allegation, that such agreement is void. In *Jack* v. *Sinsheimer*, 125 Cal. 564, the action was to quiet title to land.  The answer set up a lease in which the lessee agreed that upon his failure to pay rent he would vacate the premises upon thirty days' notice, and would pay one thousand dollars "as settled and liquidated damages."  A demurrer to this answer was sustained, and, defendant refusing to amend, the plaintiff had judgment, and upon appeal the judgment was affirmed.  In *Patent Brick Co.* v. *Moore*, 75 Cal. 210, it is said: "Certainly the stipulation in the bond does not of itself, in the absence of all other evidence upon the subject, make it clear that it would be extremely difficult or impracticable to fix the actual damages that would result from a breach of the bond in not finishing the building by a certain date."  In the present case there was therefore no issue under which the evidence could properly be received, and the court erred in admitting it, and for this error the judgment must be reversed.

2. Plaintiff also seeks to recover additional sums which it is alleged it was compelled to pay Driskill in addition to the contract cost, for correcting imperfections in Lutge's work.

Upon this ground the court found in favor of the plaintiff upon several items, aggregating the sum of $201.75, all of which is strenuously disputed by appellants, and as this part of the controversy is largely, if not wholly, based upon the

construction of Driskill's contract, some consideration should be given it in view of a new trial.

Lutge's contract required him to furnish all the labor and materials and erect and finish the building according to the plans and specifications.

In entering into the contract with Driskill for the completion of the building it was doubtless the purpose of the plaintiff to secure its completion, so far as possible, in accordance with the requirements of the original contract with Lutge, under which one half of the work, or more, had been performed, but it was impossible to put Driskill in precisely the same relation to the work which Lutge had occupied. Lutge having furnished the material and performed the work up to the stage at which he abandoned it, was conclusively bound to know of all defects both in materials and workmanship, and was bound under his contract to correct them. Driskill was not bound to know of defects that were not apparent to a competent and careful observer, or which were not called to his attention at the time he entered into his contract. The correction of such defects, if any there were, was not covered by his contract; but those defects which were apparent to a skilled observer, exercising reasonable care, were within his contract, and he was bound to correct them without extra compensation.

Lutge, as has been said, was to furnish all the material for the construction of the building, and at the time he abandoned work under his contract there was left unused material intended for the building, and this material Driskill was to use. Part of this material consisted of mortar or cement already prepared, in which was incorporated coloring matter, to avoid the necessity of painting, and this proved to have been improperly prepared, so that when used the color was not uniform, and had to be remedied. Here the rule hereinbefore stated furnishes the test; if it was apparent that the mortar or cement had been improperly prepared, it should not have been used. But if the defect could not with reasonable care be discovered until it had been put on the building and dried, the expense of painting was not covered by the contract, and was properly allowed as an extra. What the facts were is for the trial court to determine.

Appellants also contend that the court erred in overruling their demurrer to the complaint upon the ground of uncertainty.

The eighth paragraph of the complaint alleged, in substance, that Lutge did not provide the material required by his contract, and, in consequence of imperfect construction and improper materials furnished for and done by Lutge, the plaintiff was compelled to pay and did pay for the correction of such work, so as to make it conform to the contract made by Lutge, the sum of $331. It is contended that defendants had no means of determining from these allegations in what respect Lutge's work would be attacked or what evidence would be required on the part of defendants.

We think the demurrer was properly overruled. It certainly could not be necessary to state in the complaint a cause of action as to each of the defects in Lutge's work for correcting which the plaintiff sought to recover; but while permitting pleadings to be condensed and simplified in respect to such matters, the code has provided against surprise, by requiring the plaintiff to furnish, when demanded, in writing, a copy of the account, under the penalty of being precluded from giving evidence thereof. (Code Civ. Proc., sec. 454.) This section uses the words, "the account," but we think it includes such demands as are stated in this case. In *Barkley* v. *Rensselaer etc. R. R. Co.,* 27 Hun, 515, in speaking of section 531 of the Code of Civil Procedure of the state of New York, it is said: "In ordinary language, the word *account* is applied to almost every claim on contract which consists of several items." We think it is so used under our code; and it is there expressly said: "It is not necessary for a party to set forth in a pleading the items of an account therein alleged." Appellants' contention is not that a cause of action for these items is not stated, but that they were entitled to an allegation "which would have given them an opportunity in advance of the trial to ascertain the points upon which they would be called upon to make a defense." This would lead to an unnecessary prolixity in pleading, which it was intended to avoid by giving a remedy under section 454 of the Code of Civil Procedure. That the demurrer was properly overruled, see *Wise* v. *Hogan,* 77 Cal. 184; *Pleasant* v. *Samuels,* 114 Cal. 34; *McFarland* v. *Holcomb,* 123 Cal. 84.

I advise that the judgment and order be reversed and a new trial granted, with leave to the parties to amend their pleadings, if so advised.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed and a new trial granted, with leave to the parties to amend their pleadings if so advised.

McFarland, J., Temple, J., Henshaw, J.