DEUNINCK ET AL., APPELLANTS, *v.* WEST GALLATIN IRRIGATION COMPANY, RESPONDENT.

(No. 1,560.)

(Submitted May 1, 1903.  Decided May 25, 1903.)

*Damages—Contracts — Provision for Liquidated Damages—Validity—Burden of Proof.*

1.  A contract bound the defendant, an irrigation company, to furnish to plaintiff a certain amount of water during a certain season, and provided that, if the company should for any reason fail to deliver the water, it would return to plaintiff the money paid by him, and plaintiff agreed to accept the same, and to release the company for any damage arising from such failure.  *Held* to fall clearly within Section 2243, Code of Civil Procedure, and to be void on its face to the extent of the liquidated damages agreed on in case of a breach.

2.    Where a suit is brought on a contract for the actual—and not the liquidated
      —damages, it is for the defendant to show by proper answer and compe-
      tent proof that the contract for stipulated damages is valid under Code of
      Civil Procedure, Section 2244; such question cannot be presented to the
      court by demurrer to the complaint.

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

Action by D. E. Deuninck and another against the West Gallatin Irrigation Company. Judgment for defendant. Plaintiffs appeal. Reversed.

*Mr. A. J. Walrath, Mr. W. R. C. Stewart,* and *Messrs. Holloway & Hoffman,* for Appellants.

The complaint states a cause of action, and was therefore good on general demurrer. (*Jacobs Sultan Co. v. U. M. Co.,* 17 Mont. 61; Code of Civil Procedure, Section 1003; *Jessup v. Jessup,* 34 N. E. 1017.)

The contract falls squarely within the inhibition of Section 2243, Civil Code, and is void to the extent that it atempts to fix the amount of damages for a breach of the contract in anticipation thereof. (*Greenleaf v. S. C. H. & A. Works,* 21 Pac. 369; *Easton v. Cressen,* 34 Pac. 622; *Drew v. Pedlar,* 25 Pac. 749.)

Even if the contract be not void in the particular above noted, still, the provision for the return of the money for a breach of the contract does not constitute liquidated damages, and plaintiffs are entitled to recover whatever damages they actually suffered. (*Pengra v. Wheeler,* 34 Pac. 354; *O'Keefe v. Dyer,* 20 Mont. 477; *C. S. N. Co. v. Wright,* 6 Cal. 258; *Potter v. Ahrens,* 110 Cal. 681; *Pacific Factory v. Adler,* 90 Cal. 110.)

In order to sustain the demurrer as to the third ground, the complaint must be both ambiguous and uncertain. (*Kraner v. Halsey,* 82 Cal. 209, 22 Pac. 1137; *Wilhoit v. Cunningham,* 87 Cal. 453, 25 Pac. 675; *Greenbaum v. Taylor,* 102 Cal. 624, 36 Pac. 957.)

*Messrs. Hartman & Hartman,* for Respondent.

Appellants must recover upon this contract if at all, and they are limited in their recovery by the terms of the contract. Appellants insist in their brief that the contract is one for liquidated damages and hence void within the purview of Section 2243 of the Civil Code. Respondent insists, first, that it is not such a contract, but that it is simply a contract reciting the probable inability of respondent to furnish water for irrigating purposes to appellants, and that in the event of such probable failure respondent is to return the money—$258—which has been paid, and appellants are to hold harmless the said company for any loss or damage arising from its failure or inability to furnish said water or any part thereof as aforesaid; and, second, that if the contract should be construed to be one for liquidated damages that it comes within the purview of Section 2244 of the Civil Code, in that it would be "impracticable or extremely difficult to fix the actual damages" which would accrue to appellants by reason of the failure of respondents to comply with such contract.

A complaint must proceed upon some definite theory, and on that theory the plaintiff must succeed, or not succeed at all. The complaint cannot be made elastic so as to take form with the varying views of counsel. (*Mescall* v. *Tully,* 91 Ind. 96, p. 99; *State* v. *Foulkes,* 94 Ind. 493, p. 498; *M. S. & N. T. R. R. Co.* v. *McDonald,* 21 Mich. 165, 4 Am. Rep. 466, p. 481-2; *Salisbury* v. *How,* 87 N. Y. 128, p. 131; Elliott's Gen. Prac. Vol. 1, par. 87.)

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an action upon a written contract, by which it is claimed that respondent agreed to furnish certain water to D. E. Deuninck for the purpose of irrigating 129 acres of his land. The complaint sets forth the contract, and then alleges that, in reliance upon its terms, plaintiffs prepared their land for culti-

vation, and planted crops; that respondent failed to furnish the water contracted for, and that because thereof plaintiffs were damaged in the sum of $1,981.28. The respondent demurred to this complaint on three distinct and separate grounds, but abandoned two of them upon the argument, and only insisted on the remaining one, which was "that the complaint does not state facts sufficient to constitute a cause of action." The demurrer was sustined by the court below. Plaintiffs stood upon their complaint, and judgment was entered in favor of defendant for its costs. From such judgment this appeal is taken.

The contract sued upon is somewhat peculiar in its provisions, and for a better understanding of all its terms we quote it in full:

"Bozeman, Montana, June 20th, 1899. This is to certify: That the West Gallatin Irrigation Company has this day received from Rev. D. E. Deuninck the sum of Two Hundred and Fifty-Eight Dollars ($258.00) upon the following conditions, to-wit: Said West Gallatin Irrigation Company agrees to furnish to said D. E. Deuninck 129 inches of water for the irrigation of 129 acres of the land of said D. E. Deuninck, or any part of the same situate convenient for delivery for service from the ditch of the West Gallatin Irrigation Company, in the East ½ of Sec. 24, T. 1 S., R. 3 East, said water to be furnished and delivered during the irrigating season of 1899. If, however, said company shall for any reason fail or be unable to deliver said water to said D. E. Deuninck, according to the terms hereof, it agrees and binds itself to return to said D. E. Deuninck—$258.00—the amount of money so paid, and said D. E. Deuninck agrees to accept the same and to release and hold harmless the said company for any loss or damage arising from its failure or inability to furnish said water or any part thereof as aforesaid. It being specifically understood and agreed between the parties hereto that the said West Gallatin Irrigation Company is liable, for various causes, to be unable to furnish the said water as herein set forth, and that in the event of such failure or inability to furnish the same and of damage accruing

to said D. E. Deuninck by reason of such failure the said Two Hundred and Fifty-Eight Dollars ($258.00) constitute liquidated damages therefor and the payment thereof to the said D. E. Deuninck shall constitute payment and settlement in full of such damages. In witness whereof the said D. E. Deuninck has hereunto set his hand and seal, and the West Gallatin Irrigation Company has caused its corporate name to be affixed by its manager, the day and year first above written. Executed in duplicate. Rev. D. E. Deuninck. [Seal.] (Signed) By E. C. Kinney, General Manager."

The questions argued all arise upon the construction of this contract, and the appropriateness and sufficiency of the allegations of the complaint as applied to the contract when construed. Counsel for appellants contend: First, that this contract is void under the provision of Section 2243, Civil Code, to the extent that it attempts to fix the amount of damages for a breach thereof in anticipation of such breach; and, second, if not void, the provisions for the return of the money in case of a breach of its terms do not constitute legal liquidated damages, as provided in Section 2244, Civil Code, and claim that appellants are therefore entitled to recover whatever actual damage they have suffered because of the alleged breach thereof by respondent. Counsel for respondent contend to the contrary upon both of these propositions. The two sections above referred to are as follows:

"Sec. 2243. Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.

"Sec. 2244. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

It first becomes important to determine the character of the contract, and ascertain whether it is one attempting to provide

for liquidated damages in case of a breach of its terms by respondent in anticipation thereof. It first recites the receipt of $258 by respondent from appellant Deuninck upon condition that respondent agrees to furnish him with 129 inches of water during the irrigating season of 1899 for the purpose of irrigating 129 acres of land. Thus far it is plain, and needs no construction, and amounts to an absolute promise upon the part of the respondent, in consideration of $258 thus paid by Deuninck, to furnish the water specified at the time stated. This comprises the entire contract in so far as the furnishing of the water is concerned, for a breach of which the complaint was filed. It then attempts to provide for damages upon a breach thereof in the following language: "If, however, said company shall for any reason fail or be unable to deliver said water to said D. E. Deuninck, according to the terms hereof, it agrees and binds itself to return to said D. E. Deuninck—$258.00—the amount of money so paid, and said D. E. Deuninck agrees to accept the same and to release and hold harmless the said company for any loss or damage arising from its failure or inability to furnish said water or any part thereof as aforesaid." Then, as if necessary to make the above quoted clause more definite and certain, and to surely limit the liability of the respondent for a breach to the repayment of the consideration received therefor, we find the following clause: "It being specifically understood and agreed between the parties hereto that the said West Gallatin Irrigation Company is liable, for various causes, to be unable to furnish the said water as herein set forth, and that in the event of such failure or inability to furnish the same and of damage accruing to said D. E. Deuninck by reason of such failure the said Two Hundred and Fifty-Eight Dollars ($258.00) constitute liquidated damages therefor and the payment thereof to the said D. E. Deuninck shall constitute payment and settlement in full of such damages." We see no legal distinction between the two clauses above quoted as to their purpose and effect. Both were evidently intended to accomplish the same purpose and produce the same result, viz., determining and fixing the amount of

damages to be paid in case of a breach of the contract occurred. It seems that it was contemplated that a breach would probably occur, and respondent, in anticipation of such breach, desired that the amount of damages which might accrue therefrom should be limited to the amount of the consideration paid to it for such contract. It will be noticed that the contract is not one to furnish the water if the respondent is able so to do, and, if unable or prevented by any cause, to be excused therefrom, but it is one whereby respondent agrees to furnish the amount of water specified absolutely, and at all events, with a provision that, if it fails so to do for any reason, it is only to be liable to the other contracting party for damages in an amount equal to the sum paid by him as a consideration for the contract.

It seems to us, from a careful consideration of the contract, that it falls clearly within the provisions of Section 2243, *supra,* and is, therefore void to the extent of the liquidated damages agreed upon in case of a breach. If the contract is void in law to this extent, it is of the same legal effect as though such provisions had been entirely omitted from its terms. It therefore was, in legal effect, a contract to furnish 129 inches of water during the irrigating season of 1899 for the purpose of irrigating 129 acres of land. The complaint was evidently framed upon this theory, and is clearly sufficient.

As to the next contention, counsel for respondent claim that, even if it is a contract attempting to provide for liquidated damages for a breach, and is void to that extent, under the provisions of Section 2243, *supra,* it is a good contract for liquidated damages under Section 2244, *supra;* that the suit should have been brought to recover such liquidated damages; and, inasmuch as the complaint is not framed on that theory, the demurrer was properly sustained. Counsel seem to overlook the effect of Section 2243, *supra,* by which all contracts for liquidated damages are to that extent void, "except as provided in the next section." Therefore, if a suit be brought on the contract for the actual, and not the liquidated, damages, defendant must show to the court as a matter of defense that it is errone-

ously instituted.   It must be shown to the court by proper plead-
ings and competent proof that the contract falls within the pro-
visions of Section 2244, *supra*.   This does not depend entirely
upon the contract itself.   Facts must be pleaded and proven
from which the court can say as a matter of law that the contract
for liquidated damages is valid because "from the nature of the
case it would be impracticable or extremely difficult to fix the
actual damages."   The mere stipulations of the contract are in-
sufficient for that purpose.  (*Patent Brick Co.* v. *Moore,* 75 Cal.
205, 16 Pac. 890; *Pacific Factor Co.* v. *Adler,* 90 Cal. 110, 27
Pac. 36, 25 Am. St. Rep. 102; *Jack* v. *Sinsheimer,* 125 Cal.
563, 58 Pac. 130; *Long Beach, etc.* v. *Dodge,* 135 Cal. 401, 67
Pac. 499.)   It is therefore clear that a legal contract for stipu-
lated damages, urged as a defense to a suit brought upon the
contract to recover actual damages, cannot be presented to the
court by demurrer to such complaint, but must be raised by an-
swer alleging the existence of such facts as bring it clearly with-
in Section 2244, *supra*.

We are of the opinion that the court below erred in overrul-
ing said demurrer and entering judgment for defendant, and
that the same should be reversed.

Per Curiam.—For the reasons stated in the foregoing opin-
ion, the judgment of the court below is reversed.

Mr. Justice Holloway was disqualified, and took no part
in this decision.