[Civ. No. 1874. First Appellate District.—June 19, 1917.]

P. J. McINERNEY et al., Respondents, v. W. H. MACK, Appellant.

CONTRACT—LIQUIDATED DAMAGES—PLEADING AND EVIDENCE.—In order to entitle a defendant to retain a sum of money deposited with him as contingent liquidated damages for the breach of an obligation, it is incumbent upon him to show not only by averment but also by proof that his case is within the exception contained in section 1671 of the Civil Code; for without an allegation bringing his case within the exception the pleading in that regard is insufficient, the presumption being, in the absence of such allegation, that such agreement is void.

ID.—BROKER'S SERVICES—COMPENSATION—UNAUTHORIZED RETENTION OF DEPOSIT AS LIQUIDATED DAMAGES.—A real estate broker performing service in bringing persons together for the purpose of exchanging property is not entitled to retain as liquidated damages, upon the failure of one of the parties to carry out the transaction, a sum of money deposited with him by such parties to be paid over to the other exchanging party, notwithstanding a provision to that effect in the contract between them and the broker, where he fails to show that it is either difficult or impossible to establish the reasonable value of his services.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Henry H. Davis, and R. W. McKnight, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, for Respondents.

BEASLY, J., *pro tem.*—This is an appeal by the defendant from the judgment and from an order denying his motion for a new trial.

The complaint states simply that the defendant became indebted to the plaintiffs in the sum of one thousand dollars for money had and received by the defendant for plaintiffs' use and benefit.

The defendant answering denies that he became indebted to plaintiffs in said or any sum of money had and received by him for plaintiffs' use and benefit, "or in any other manner or at all." As a further defense he avers that on January 31, 1914, he received from plaintiffs the sum of one thousand dollars in accordance with the terms of a written agreement which is made a part of his answer, and in which it is recited that the defendant, Mack, received the one thousand dollars from plaintiffs and agreed to hold and dispose of it in accordance with the agreement; that the plaintiffs were the owners in fee of three lots and improvements in a subdivision known as "Corte Madera Woods" and a six-room house thereon; that Anna M. Howes and Earl E. Howes owned a lot on Parnassus Avenue, in San Francisco, with an apartment building thereon; and then provides that if within forty-five days Mack shall secure from Mr. and Mrs. Howes a grant, bargain, and sale deed conveying a clear McInerney title, free of encumbrance, except that of a trust deed for five thousand dollars, to their property on Parnassus Avenue, then if plaintiffs shall deliver a deed conveying the Corte Madera lots, free of encumbrance, together with three thousand dollars in money to a grantee to be designated by Mack, the latter will then deliver the Howes' deed to the plaintiffs. The contract further provides that if Howes and his wife should fail to execute the contemplated deed of their property or Mack should fail to deliver it to plaintiffs "upon their complying with the conditions stipulated upon their part," Mack would refund the one thousand dollars to the plaintiffs. The contract further contains the following provisions:

"In the event, however, that I secure the aforesaid deed from Anna M. and Earl E. Howes transferring and conveying the said property free and clear from all encumbrances as aforesaid, save and except the trust deed above mentioned, and offer to deliver the same to P. J. McInerney and William J. Madden, within the above-mentioned period of forty-five

days and they shall fail or refuse to carry out the terms and conditions hereof, to wit:

"The delivery by them of a good and sufficient grant, bargain, and sale deed for the said property above described accompanied by an additional payment of three thousand dollars, then and in that event I am to retain the one thousand dollars, paid me this day as liquidated damages for their failure to carry out this transaction."

The agreement was signed by Mack and by McInerney and Madden.

The only other allegation of the answer is that plaintiffs "failed and refused to comply with the conditions of the said agreement," and that by reason of said failure "the said plaintiffs were not entitled to receive the said sum of one thousand dollars, or any part thereof," and further, "that said plaintiffs have waived all their rights and claim to said sum."

The trial court found all the facts, except the execution of the agreement, against the defendant and gave judgment against him for one thousand dollars and costs.

Mack never actually obtained personal possession of a deed from Mr. and Mrs. Howes, but they executed a deed to their Parnassus Avenue property, in which McInerney and Madden were named as the grantees, and left the same in the possession of their attorney. There is a conflict of evidence as to whether this deed was ever offered or tendered to either McInerney or Madden, but the court must be presumed, in support of its findings above mentioned, to have concluded that there was no offer or tender of this deed to the plaintiffs. The evidence indeed is strong in support of this position, Mack alone testifying to facts tending to support an offer by the attorney of Mr. and Mrs. Howes to deliver the deed, and the attorney himself refusing to corroborate this testimony of Mack, while the plaintiff McInerney, who was the active negotiator for himself and his cotenant in the transaction, positively stating that no such offer was made, and that he never knew of the existence of the deed referred to until the beginning of this action.

Upon the examination of the title to the Corte Madera lots it was found that a triangular piece of land three inches wide at the front of the property on Morningside Drive and tapering back to a point at a distance of ninety-eight feet from

the drive, had been omitted from the conveyance by which McInerney and Madden got title to the lots. This strip was of a value of from seventy-five cents to two dollars, and wa., situate on the side of the property farthest from the improvement thereon. The three lots themselves were of a value not exceeding five hundred dollars; the value of the six-room house on the lots does not appear in the evidence to the bill of exceptions. McInerney and Madden asked and received from Mr. and Mrs. Howes, a five days' extension of time within which to perfect their title. At some time, which does not exactly appear, Mr. Howes died, and Mrs. Howes then became lukewarm, and standing upon the failure of title to this triangular piece, refused to go forward with the deal, and the same thereupon fell through. This may be said to be absolutely all the material evidence in this case.

Putting aside the question whether or not Mack fulfilled his agreement by offering the deed from Mr. and Mrs. Howes to McInerney, this case must be decided upon a vital proposition of law. Under the terms of sections 1670 and 1671 of the Civil Code, a provision in a contract fixing in advance damage for a breach thereof is void, except when from the nature of the case it would be impracticable or extremely difficult to determine the actual damage done. It is clear that defendant's case discloses nothing that brought it within the purview of the second of these two sections. Assuming that the defendant's evidence showed a breach of contract, this alone would not warrant him in retaining the one thousand dollars. In order to entitle a defendant to retain a sum of money deposited with him as contingent liquidated damages for the breach of an obligation, it is incumbent upon him to show not only by averment, but also by proof, that his case is within the exception contained in section 1671; for without an allegation bringing his case within the exception the pleading in that regard is insufficient, the presumption being, in the absence of such allegation, that such agreement is void. (*Thomas* v. *Anthony,* 30 Cal. App. 217, [157 Pac. 823]; *Long Beach etc. Dist.* v. *Dodge,* 135 Cal. 401, [67 Pac. 499]; *Patent Brick Co.* v. *Moore,* 75 Cal. 205, [16 Pac. 890]; *Pacific Factor Co.* v. *Adler,* 90 Cal. 110, 120, [25 Am. St. Rep. 102, 27 Pac. 36].)

In such an action as this, as a matter of defense, defendant must show to the court by proper pleadings and com-

petent proof that the contract falls "within" the law permitting liquidated damages. This does not depend entirely upon the contract itself. Facts must be pleaded and proven from which the court can say as a matter of law that the contract for liquidated damages is valid because "from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. The mere stipulations of the contract are insufficient for that purpose." (*Deuninck* v. *West Gallatin Irr. Co.*, 28 Mont. 262, [72 Pac. 618] ; *Thomas* v. *Anthony,* 30 Cal. App. 217, [157 Pac. 823] ; *Sherman* v. *Gray,* 11 Cal. App. 438, [104 Pac. 1004] ; *Los Angeles O. G. Assn.* v. *Pacific Surety Co.,* 24 Cal. App. 95, [140 Pac. 295].) In the latter case the rule is thus stated: "The rule stated in section 1670 of the Civil Code must be presumed to apply in all cases unless the party seeking to recover upon the agreement shows by averment and proof that his case comes within the exception mentioned in section 1671."

This is a simple case where a real estate broker was performing service in bringing persons together for the purpose of exchanging property. There is no allegation and no evidence tending to show that this was an unusual transaction. No reason appears why the commissions which Mack would have earned might not have been fixed in the contract itself, but there was no provision in the contract for the payment of commissions. The contract as to compensation is a most essential part of the contract of employment, and is always present in it either expressly or impliedly. When not expressed, it is an agreement to pay what the service is worth. (*Ford* v. *Brown,* 120 Cal. 551, [52 Pac. 817].) Mack's injury because of the breach of this contract by McInerney and Madden, if it was broken, could be compensated by paying him at most his commission for his services and his outlay, if any, of money as expenses in endeavoring to put the deal through. He was not a purchaser in any sense, but simply a broker. If he was to receive fixed commissions from the Howes and even from third parties, who are hinted to have been interested, this could have been proven. If he was to serve them and his compensation was not fixed, it will not be presumed that it would have been either difficult or impossible to establish by evidence the reasonable value of his services. No reason appears why it would have been difficult or impossible to establish what Mr. Mack did in attempting to effect this

exchange and the reasonable value of the service so performed. Therefore, it must be held that without allegation and proof bringing him within the provisions of sections 1670 and 1671 of the Civil Code, Mack cannot be permitted to retain this one thousand dollars, and as there is no such allegation and no such proof, the judgment and order denying the motion for a new trial must be affirmed, and it is so ordered.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 16, 1917.