[L. A. No. 10531. In Bank.—October 28, 1930.]

ROBERT MARSH & CO., INC. (a Corporation), Respondent, v. THEODORE P. TREMPER et Ux., Appellants.

Clark J. Milliron, George H. P. Shaw and H. B. Daniel for Appellants.

Clyde C. Shoemaker for Respondent.

SEAWELL, J.—Appeal from a judgment awarding liquidated damages arising upon a real estate broker's contract for compensation on account of an exchange of real property. Judgment went for plaintiff in the sum of $2,200—$1,000 of which was assessed as actual and $1,000 as liquidated damages and $200 as attorneys' fees.

Robert Marsh & Co., Inc., plaintiff and respondent, was a real estate broker doing business in the city of Los Angeles, this state.

Appellants, Theodore P. Tremper and May C. Tremper, his wife, were the owners of certain described real property situate in the state of Washington. Charles E. Smith was the owner of certain lots situate in said city of Los Angeles.

By and through the efforts of said real estate broker or agent, said Tremper and said Smith executed certain agreements prepared by said broker for the exchange of real properties, which agreements provided for the payment by the Trempers of stated sums to said broker for its services, as will hereafter more particularly appear. The agreements providing for the exchange and the broker's compensation or commission are somewhat unusual and, it may here be added, uncertain in their provisions. Said instruments having been prepared by said broker, such uncertainties as they may contain, in the absence of testimony removing or explaining said uncertainties, must be interpreted most strongly against the party who caused them to exist. (Sec. 1654, Civ. Code; 6 Cal. Jur. 307.)

Such portions of the agreements between respondent real estate broker and the Trempers and between said broker and Smith, which constitute the basis of respondent's claim for damages, provide that said broker, Robert Marsh & Co., Inc., is to act as principal or agent of said Trempers and Smith, respectively, in said transaction. As to the Trempers, the agreement provides: "That when he [real estate agent] has accepted or procured an acceptance of this proposition to exchange the above properties on the above terms, they will then pay the sum of One Thousand Dollars, regardless of the amount of property or money it receives in, or through the acceptance and consummation of the above exchange and have no objection to it receiving other compensation from the owner of the second piece of property [Smith] or others.

"And they hereby agree that if they fail in any way to carry out their part of the above agreement, then and in that event—agree to pay on demand of Robert Marsh & Co., Inc., the sum of $1,000 as liquidated damages for time, trouble and expense incurred in the within deal, together with reasonable attorney's fees for the collection thereof."

The forms of agreement are doubtless stock forms used by said agent, and the concluding portion of the Smith agreement is identical with the Tremper agreement, except it

contains the provision that "no commissions as liquidated damages for his time, trouble and expense incurred in the within deal, together wtih reasonable attorney's fees," shall be chargeable against Smith in the event he fails to carry out his agreement.

Both parties to the contract of exchange having become dissatisfied with their bargain, the deal was abandoned by them by mutual consent. The agent thereupon brought suit to recover damages and recovered judgment for the full amount prayed for, from which this appeal is taken.

Sections 1670 and 1671 of the Civil Code provide:

"1670. Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.

"1671. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

The complaint alleges the licensing of respondent as a real estate broker and sets forth in usual form a cause of action for the recovery of the amount fixed by the agreement, to wit, $1,000 "to be paid to respondent upon procuring an acceptance of the proposition", and, in addition thereto, and without alleging or stating any facts from which an inference tending to bring the case within the provisions of said section 1671, *supra*, might arise, simply alleges that the appellants further agreed to pay respondent "the sum of $1,000 as liquidated damages for time, trouble and expense incurred in the within deal. . . . " It has many times been held by the decisions of appellate courts of this state wherein cases involving the identical subject matter were under consideration that such an allegation as is contained in respondent's complaint does not bring the case within the exception of said code section. Neither was any sufficient proof offered to supply the defect. ■ The law is that the "liquidated damage" clause is void unless it is made to appear that the case comes within the exception provided by section 1671, *supra*. The burden rests upon the person who seeks to bring himself within the ex-

ception. Upon the face of the complaint and agreement itself the provision which provides for the payment of liquidated damages is void.

 The items which respondent specifically names as constituting the basis of its damages, to wit, "time, trouble and expenses incurred" in bringing about the exchange are commonplace items which enter into every contract for service and they have never been held to be impracticable or extremely difficult of determination, but, on the contrary, have been held by numerous decisions to be readily computable. (*McInerney* v. *Mack,* 34 Cal. App. 153 [166 Pac. 867, 868].)

 In actions such as this the person claiming liquidated damages "must show to the court by proper pleadings and competent proof that the contract falls within the law permitting liquidated damages. This does not depend entirely upon the contract itself. Facts must be pleaded and proven from which the court can say as a matter of law that the contract for liquidated damages is valid because from the nature of the case it would be impracticable or extremely difficult to fix the actual damage. The mere stipulations of the contract are insufficient for that purpose." (*McInerney* v. *Mack, supra,* citing a long list of authorities.) This principle has been reannounced in *Knight* v. *Marks,* 183 Cal. 354 [191 Pac. 531], and in many more recent decisions of this court and the District Court of Appeal. (*Hanlon Drydock & Shipbuilding Co.* v. *McNear,* 70 Cal. App. 204 [232 Pac. 1002].)

 The respondent objects to appellants' presenting the point as to the deficiency of the complaint on appeal on the ground that they did not demur to the complaint upon the specific ground that the contract was *void* for the reasons which have been pointed out. The demurrer was both general and special. The general grounds went to the sufficiency of the complaint, which contained but one count, to state a cause of action.

Several special grounds of demurrer were set forth and while none of them in direct terms made objection to that portion of the complaint which contained the liquidated damage clause on the ground that it was *void,* nevertheless the attention of the pleader was called to the infirmities of the liquidated damage clause and the significance of section

1671, *supra*, by a number of grounds of special demurrer as to uncertainty and ambiguity by reason of said liquidated damages clause. We entertain no doubt but that the infirmities of the complaint were fully brought to the respondent's attention by the demurrer and the attitude of opposing counsel. The allegation of the complaint as to that item of damage did not state a cause of action.

Appellants make the further point that the contract should not be interpreted to hold that the parties thereto intended that two payments of $1,000 each were to be paid by them for services which were completed when the consent of the parties to the exchange had been obtained. In other words, it would seem that compensation for the "time, trouble and expense" specifically mentioned as constituting compensatory service in the liquidated damage clause of the agreement were necessarily included in and were in fact performed and ended when the parties to the exchange consented thereto, and, therefore, those items were not intended to constitute a basis for a second charge against appellants. It is appellants' claim that the contract is open to, and, in view of the fact that it was prepared by respondent, should be given the construction that respondent was to receive a fee of $1,000 if and when it obtained the consent of Smith to the exchange, irrespective of the question of its consummation. The contract is somewhat ambiguous in this respect, but, whatever may have been the intention of said parties, it is very clear that the contract taken at its best fails in its attempt to fasten upon appellants a liability for payment of liquidated damages. Damages for loss of "time, trouble, and expenses" are easily determinable under all the authorities, and if said items of service were not included in the clause for stipulated or actual damages, which it would seem must be the case, they are not recoverable in an action for liquidated damages. (Secs. 1670, 1671, Civ. Code.)

The judgment is modified by striking therefrom said $1,000 for and on account of liquidated damages and as so modified the judgment will stand affirmed.

Richards, J., Shenk, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.