[Civ. No. 14493.  Second Dist., Div. Two.  Nov. 22, 1944.]

GEORGE O. HARTMAN, Respondent, v. SAN PEDRO COMMERCIAL COMPANY et al., Appellants.

Oliver O. Clark and Robert A. Smith for Appellants.

Michael F. Shannon and Thomas A. Wood for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury, in an action to recover damages for breach of a contract of employment, defendants appeal.

The evidence being viewed in the light most favorable to plaintiff, and pursuant to the rules set forth in *Estate of Isenberg,* 63 Cal.App.2d 214, 216, 217 [146 P.2d 424], the essential facts are:

In the latter part of September, 1942, plaintiff entered into a contract with defendant, San Pedro Commercial Company, hereinafter referred to as defendant, to act as the manager of

defendants' hog ranches for a period of three years. The contract was to terminate if (1) defendants sold their business; or (2) plaintiff entered the armed forces of the United States and failed to return.

Plaintiff was to receive as compensation for his services $650 per month and 25 per cent of the net operating profits of defendants. Plaintiff entered into the performance of the contract and continued to perform it until he was discharged by defendants on February 1, 1943.

The present suit was instituted to recover damages for breach of the contract and resulted in a judgment in favor of plaintiff in the sum of $29,698.67.

There are two questions necessary for us to determine which will be stated and answered hereunder seriatim:

First: *Was the contract unenforceable because of (1) a lack of mutuality due to the fact that the contract could be terminated in the event (a) defendants sold their business or (b) plaintiff entered the armed forces of the United States and did not return; (2) uncertainty in the length of the term of the contract?*

This question must be answered in the negative. The law is established that conditions subsequent in a contract whereby the contract may be terminated do not (1) destroy the mutuality of the contract; or (2) make the term of the contract indefinite or uncertain. (*Vitagraph, Inc.* v. *Liberty Theatres Co.*, 197 Cal. 694, 701 [242 P. 709]; *McMullan* v. *Dickinson Co.*, 63 Minn. 405 [65 N.W. 661, 662]. See also *Thomas* v. *Anthony*, 30 Cal.App. 217, 222 [157 P. 823].)

In the present case the contract was to run for the term of three years subject to termination upon the happening of either of the contingencies set forth above. Thus there was a definite term for the contract and under the rules of law stated above the condition subsequent whereby the term of the contract might be ended did not destroy the mutuality of the contract.

*Shortell* v. *Evans-Ferguson Corp.*, 98 Cal.App. 650 [277 P. 519], relied on by defendants is inapplicable to the facts of the present case. In the Shortell case, the vendor of real property reserved the right to terminate the contract by returning a deposit which had been made by the vendee at any time before the contract of sale was signed, thus the vendor was

not bound to do anything and the contract lacked mutuality. In the instant case, both parties to the contract were bound unless and until one of two future events occurred. Neither party had the sole power to cause either event to take place.

Second: *Was there substantial evidence to sustain the trial court's finding that plaintiff had been damaged in the sum of $29,698.67?*

This question must be answered in the affirmative, and is governed by the following rules:

(1) An award of damages for loss of profits will be sustained if there is a satisfactory basis for estimating the probable earnings that would have been received if the contract had been performed. (*Sobelman* v. *Maier,* 203 Cal. 1, 9 [262 P. 1087]. See, also, *Natural Soda Products Co.* v. *City of Los Angeles,* 23 Cal.2d 193, 199 [143 P.2d 12].

(2) When defendant by breaching a contract makes it impossible for plaintiff to realize profits, the probable profits must of necessity be estimated. (*Sobelman* v. *Maier, supra; Natural Soda Products Co.* v. *City of Los Angeles, supra,* 200.)

The record discloses in the present case that plaintiff from May 1, 1942, to January 31, 1943, while operating defendant's business and his own business as a public accountant, received an average monthly income of $2,268.75, exclusive of his percentage of profits under his contract with defendant; that from February 1, 1943, after his discharge by defendants, to September 30, 1943, his average monthly income was $1,757.48; that he thus sustained an average monthly loss of $511.29, exclusive of profits under the contract he had with defendants.

The evidence also shows that plaintiff sustained a loss in connection with his contract which called for 25 per cent of the net operating profits.

His loss on his contract, so far as his salary was concerned, during the remainder of the period of the contract totaled $16,105.10. His loss of profits, averaging the profits earned during the period of time that he was employed to the time of trial, showed a loss of $21,478.59, or a total loss of salary and profits amounting to $37,583.69.

Applying the rules set forth above to the facts in the instant case, it is thus apparent that there was substantial evidence

to sustain the court's finding that plaintiff's loss due to defendant's breach of contract was the sum of $29,698.67.

For the foregoing reasons the judgment is affirmed.

Wood (W. J.), J., concurred.

Moore, P. J., deeming himself disqualified, did not participate.

Appellants' petition for a hearing by the Supreme Court was denied January 18, 1945. Edmonds, J., and Schauer, J., voted for a hearing.