[Civ. No. 5921.   Fourth Dist.   Feb. 26, 1959.]

ARTHUR B. THOMPSON et al., Appellants, v. ERNEST GOUBERT et al., Respondents.

ERNEST GOUBERT et al., Respondents, v. ARTHUR B. THOMPSON et al., Appellants.

Harmon C. Brown for Appellants.

Neblett, Walker & Sullivan and LeMoyne S. Badger for Respondents.

STONE, J. pro tem.*—On October 12, 1952, appellants Arthur B. Thompson and his wife, as lessors, entered into a written lease with respondents Ernest Goubert and his wife, as lessees. This appeal is concerned with an 85-acre parcel of the leased premises which was to be planted to alfalfa. The lease provided for certain farming practices to be followed by the lessees and for liquidated damages in the event the lessors sold the property prior to the expiration of the four-year term.

On September 13, 1954, the appellant lessors filed action Number 60304 for declaratory relief, damages and an injunction, alleging respondent lessees had failed to farm the premises as required by the lease. On October 11, 1954, the default of the respondents was entered in said action. On October 22, 1954, respondents moved to have their default set aside and the court ordered all proceedings stayed until the motion to vacate and set aside the default was disposed of. On October 28th and prior to disposition of the motion appellants entered the premises and evicted the respondents. The default of respondents was subsequently set aside and they filed an answer denying the allegations of the complaint. On June 17, 1955, respondents filed action Number 62028, seeking damages for wrongful eviction and loss of crops. By stipulation of counsel the actions were, by order of court, consolidated for purposes of trial and it was then further stipulated and ordered that "all evidence received in either cause be considered in both causes."

The court tried the cases without a jury and found against the appellants in action Number 60304 and in favor of respondents in action Number 62028 and fixed their damages in the sum of $8,330.

The appeal in case Number 60304 is concerned with the single question of whether there is substantial evidence to support the trial court's findings and judgment. In case Number 62028 the same question is raised and the additional question of whether the court applied the correct measure of damages in its findings and judgment in favor of the respondents. For the purposes of clarity and to avoid repetition we

*Assigned by Chairman of Judicial Council.

will consider the question of the sufficiency of the evidence as to actions Number 60304 and Number 62028 as one issue. The cases were jointly tried and the evidence was applicable to both cases. Appellants cite evidence in support of their position that respondents improperly farmed the leased premises justifying a termination of the contract and eviction of the respondents. On the other hand, respondents cite testimony supporting their position that they farmed properly and that appellant had no cause for terminating the contract or evicting them. ▪ Evaluation of the conflicting evidence does not come within the province of this court. (*Crawford v. Southern Pac. Co.*, 3 Cal.2d 427, 429 [45 P.2d 183]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].) Hence, repeating the evidence which the parties cite at length in their briefs would serve no useful purpose in this opinion. Suffice it to say that there is substantial evidence in the record to support the judgment of the trial court and this court may not weigh it as against contrary evidence.

The principal question presented is whether the trial court, having found the respondents entitled to recover, applied the proper measures of damages. The lease provided:

"That whatever acreage is planted to alfalfa, the lease on the number of acres planted to alfalfa shall be for a term of 4 years, ending on November 1, 1956, but in case the property is sold the lessor agrees to pay to the lessee the sum of $50.00 per acre, plus $2.00 per acre, for each unexpired month of the four year lease, this to apply only to the land planted to alfalfa, and the lessee hereby agrees to accept the above, and does hereby agree thereto."

The court used this yardstick and found the lessees' damages to be an amount approximating $50 an acre plus $2.00 per acre per month for the remaining months of the term. Respondents argue that the court could well have considered this amount to be the lessees' actual damages as evidence was presented indicating lessees' damages to be varying amounts from nothing up to $10,000. Respondents also argue that although the amount of the judgment is close to the figure agreed to be paid by the appellants in the event of a sale of the property, the judgment is not necessarily based on the liquidated damages clause of the lease contract. However, the finding of fact concerning damages signed by the trial judge reads:

"7. That by reason of the wrongful acts and conduct of said THOMPSONS and the wrongful eviction of said GOUBERTS

from said premises by said THOMPSONS, said GOUBERTS have suffered damages, *as provided for in the said lease,* in the amount of Eight Thousand Three Hundred Thirty Dollars (\$8,330.00)."

Thus the finding as well as the amount of damages indicate the court adopted the provision for liquidated damages specified in the lease. ■ The question is, was the court justified in using the liquidated damages provision of the lease as the measure of the lessees' damages for dispossession? The provision for liquidated damages was by the parties made applicable in the event of a sale of the property. For the court to apply that provision to a termination by eviction is in effect making a new agreement between the parties. The vice of such procedure lies in the fact that frequently a lessor will agree to pay his lessee an amount greater than would be normally expected as an inducement to the lessee to agree to a termination or sales clause. There is no way of determining what motivated the parties to this action in arriving at the amounts specified in the lease. In the absence of specific language in the lease making the clause applicable to other situations there is no justification for such application.

■ Even though the provision in the lease for liquidated damages could be said to be applicable to this situation such damages were neither pleaded nor proved. In *Kelly* v. *McDónald,* 98 Cal.App. 121, 125 [276 P. 404], the court said:

"The decisions of California are in accord with the great weight of authority which holds that liquidated damages may be recovered only upon pleading and proof of facts which bring the contract within the provisions of the exception to the general rule as announced in section 1671 of the Civil Code. (8 Cal.Jur. 891, § 128; *Hanlon Dry Dock Co.* v. *McNear,* 70 Cal.App. 204, 215 [232 P. 1002]; *McInerney* v. *Mack,* 34 Cal.App. 153, 156 [166 P. 867]; *Thomas* v. *Anthony,* 30 Cal. App. 217, 220 [157 P. 823]; *Sun-Maid Raisin Growers* v. *Paul A. Mosesian & Son,* 90 Cal.App. 1 [265 P. 828]; *Dyer Bros. G. W. Iron Wks.* v. *Central Iron Wks.,* 182 Cal. 588, 593 [189 P. 445].) The difficulty of ascertaining actual damages, so as to maintain a suit for breach of contract under the provisions of the exception to the general rule as it is expressed in section 1671, *supra,* is not presumed, but must be established by proof. (*Green* v. *Frahm,* 176 Cal. 259, 262 [168 P. 114]; *Long Beach City Sch. Dist.* v. *Dodge,* 135 Cal. 401, 404 [67 P. 499].)"

The judgment in action Number 60304 is affirmed. The

judgment in action Number 62028 is reversed with directions to the trial court to determine the damages and thereafter to enter judgment in favor of plaintiffs.

Griffin, P. J., and Mussell, J., concurred.