REED, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*March 6 — March 27, 1888.*

*(1, 2) Negligence: Injury to land by fire: Proof of title. (3) Evidence: Certificate of clerk of commissioners of public lands. (4, 5) New trial: Mistake of law: Discretion: Review on appeal.*

1. In an action to recover damages for negligence in setting a fire which burned over vacant and uncultivated land (and especially where continuing damage by reason of reduced productiveness is claimed), it is incumbent upon the plaintiff to prove his title.
2. In such an action a quitclaim deed to the plaintiff, together with oral testimony (admitted without objection) that he owned the land, and evidence that through an agent he gathered the crop of cranberries therefrom, is *held* to prove, *prima facie*, his title, and to cast upon the defendant the burden of proving that the plaintiff was not the owner.
3. A certificate signed by the chief clerk of the commissioners of the public lands, and having the seal of such commissioners affixed, to

the effect that at a certain time a person named purchased certain lands from the state, and that patents therefor were duly issued to him, is not admissible in evidence.

4. If a new trial be granted solely by reason of a misapprehension of the law, the order granting the same will be reversed on appeal. But it must clearly appear that such was the sole ground of the order.

5. In this case the plaintiff introduced considerable testimony for the purpose of proving the alleged negligence of the defendant, and which had a bearing on that question; and it is probably true that there is some doubt as to what inferences may properly be deduced from such testimony. The circuit court having held, on a motion for a new trial, contrary to its ruling on the trial, that the testimony was sufficient to send the question to the jury, this court affirms the order granting a new trial, without reviewing such conflicting rulings of the court below.

APPEAL from the Circuit Court for *Juneau* County.

The complaint alleges, in substance, that the plaintiff is the owner in fee of a tract of land consisting of seven forty-acre lots, described in the complaint, through which tract the railway of the defendant company is constructed and operated; that through the negligence of the railway company, its servants and employees, fire was communicated from its locomotives, at three several times, to dry grass and other combustible materials which the company had negligently suffered to accumulate and remain on its right of way, from whence the fires spread and burned over portions of the plaintiff's land, destroying large quantities of cranberry vines, shoots, and berries growing thereon, of great value, and greatly injuring and decreasing the productiveness of such land. The damage occasioned by each fire is stated as a separate cause of action. These are alleged to have occurred in August, 1883, July 6, 1886, and July 24, 1886, respectively. The damages claimed for the first fire are $5,000; for the second, $11,500; and for the third, $1,918.

The answer denies the plaintiff's title to the land de-

scribed in the complaint, and the negligence charged therein; also that the plaintiff was damaged by the fires.

At the close of the trial the court held that there was no testimony tending to prove the negligence of the defendant company in respect to the two fires of July, 1886, and submitted to the jury only the question of the liability of the company for the damages caused by the fire of 1883. The jury returned a verdict for the plaintiff, assessing his damages at six cents. Thereupon the plaintiff moved the court to set aside the verdict and for a new trial. The motion was granted. The order granting the same was as follows: " After a careful examination of a portion of the testimony written out by the reporter, and authorities to which I have been referred since the motion of the plaintiff's counsel to set aside the nonsuits and the verdict and for a new trial, I have come to the conclusion that in the present state of the testimony the nonsuits, and especially that on the second count in the complaint, ought not to have been granted; that the question whether or not there was negligence on the part of the defendant company in consequence of the condition of its right of way at the time of the fire in July, ought to have been submitted to the jury. For this reason the entire motion is granted, and a new trial granted on the entire complaint." The defendant appeals from such order.

For the appellant there was a brief by *John W. Cary*, attorney, and *Burton Hanson* and *John T. Fish*, of counsel, and oral argument by *Mr. Fish.*

For the respondent there was a brief by *Carter & Carter*, and oral argument by *Mr. C. S. Carter.*

LYON, J. I. The title to the lands alleged to have been injured by the negligence of the defendant company is put in issue by the pleadings. Such lands were vacant and uncultivated. On the authority of several cases heretofore adjudicated by this court, it was incumbent upon the plaint-

iff to prove his title. *McNarra v. C. & N. W. R. Co.* 41 Wis. 69; *Hungerford v. Redford,* 29 Wis. 345. Moreover, the plaintiff claims for continuing damage by reason of the reduced productiveness of his land. Probably, on the authority of *Winchester v. Stevens Point,* 58 Wis. 350, it was incumbent upon him to prove his title, even though he was in actual possession of the land at the time of the alleged injury.

It is maintained on behalf of the defendant that the plaintiff made no proof of any title to the lands in question, and that a motion for a nonsuit, made during the progress of the trial, although based only upon the alleged want of proof of defendant's negligence or of damage to the plaintiff, should have been granted for such want of proof of the plaintiff's title. Counsel for the defendant invoke the rule laid down in *Maxwell v. Hartmann,* 50 Wis. 660, and since followed in many cases, that the respondent's exceptions are available to sustain a judgment in his favor.

To prove his title, plaintiff offered in evidence a certificate signed by the chief clerk of the state commissioners of public lands, to which was affixed the seal of such commissioners, to the effect that in October, 1873, one Thomas Miller purchased the lands described in the complaint from the state, and that patents were duly issued to him therefor. This certificate was received in evidence against the objection and exception of the defendant. It is very clear that the admission of this document was error. We are aware of no law giving the force of evidence to such a certificate.

The plaintiff also read in evidence a quitclaim deed of the same land, duly executed by Miller to him June 22, 1881, and testified, without objection (as did several other witnesses), that he owned such land. It also appeared that he had an agent in the vicinity to look after the land, and

Reed vs. The Chicago, Milwaukee & St. Paul R. Co.

that he contracted with such agent to gather the berries therefrom in 1885 and 1886. The crop was gathered by the agent in 1885, and the plaintiff received a share thereof pursuant to such contract. The crop of 1886 was destroyed by the fires.

We think the above testimony, excluding such certificate, proved, *prima facie*, the title of the plaintiff, and cast the burden of proof upon the defendant to show, if it could, that some other person was the owner of the land. To hold otherwise, especially when there was no suggestion of an adverse title, would be altogether too strict and technical an application of the rules of evidence on the subject of proof of title in actions for injuries to real property.

II. It is well settled that if a new trial be granted solely by reason of a misapprehension of the law, the order granting the same will be reversed on appeal. *Bushnell v. Scott*, 21 Wis. 451; *Jones v. Evans*, 28 Wis. 168; *Duffy v. C. & N. W. R. Co.* 34 Wis. 188; *Walter A. Wood R. & M. M. Co. v. Stenel*, *ante*, p. 71. But the above cases, or at least some of them, hold that it must clearly appear that such was the sole ground of the order. Failing in this, the hypothesis that the discretionary power of the court was also exerted is not excluded. It is elementary that the exercise of discretion by the court in a proper case will not be disturbed unless it clearly appears that the court has exercised its discretion improperly. We are of the opinion that this rule is unaffected by the circumstance that the order granting a new trial is based in part upon an erroneous proposition, either of law or of fact.

True, the order appealed from in the present case recites, in substance, that the judge was of the opinion that there was sufficient testimony tending to prove the negligence of the defendant, as charged in the second and third causes of action in the complaint, to send that question to the jury; but it does not state, and there is nothing in the record to

Reed vs. The Chicago, Milwaukee & St. Paul R. Co.

warrant the inference, that this was the sole ground upon which the new trial was granted.

Without going into an extended discussion, it may justly be said there is sufficient in the case to preclude a ruling that the granting of a new trial was an abuse of discretion; but, without determining the question whether the testimony does or does not tend to show that the fires were negligently set, we are constrained to sustain the order as a proper exercise of the discretion of the court. Considerable testimony was introduced on the trial by the plaintiff for the purpose of proving the alleged negligence of the defendant as charged, and which had a bearing upon that question. It is probably true that there is some doubt as to what inferences may properly be deduced from such testimony. In such a case, if the circuit court holds, on a motion for a new trial, contrary to his ruling on the trial, that the testimony was sufficient to send the question to the jury, we are inclined to think, and for the purposes of this case we hold, that the appellate court should not review such conflicting rulings on an appeal from an order granting a new trial, but should permit the case to go to another jury unembarrassed by any intimation of an opinion upon the weight and effect of the testimony given on the former trial.

For these reasons we must sustain the order granting a new trial, without determining the question of negligence.

*By the Court.*— Order affirmed.

See note to this case in 37 N. W. Rep. 225.— REP.