[Civ. No. 662. First Appellate District.—September 18, 1909.]

## LUCIA H. K. SHERMAN, Respondent, v. GEO. F. GRAY, and HARRY N. GRAY, Copartners, etc., Appellants.

CONTRACT TO REMOVE SAND, DEPOSIT CLAY AND GRADE LOT—BREACH—LIQUIDATED DAMAGES—BURDEN OF PROOF—ACTUAL DAMAGES.—In an action for breach of a contract by defendants to remove all surplus sand from plaintiff's block and pay an agreed price for the sand per cubic yard, and to deposit two inches of clay on the land and one-half the street fronting thereon and grade the lot to the official grade, free of expense to plaintiff, with a provision therein for liquidated damages in case of breach, the burden of proof is upon the defendants, to sustain such provision by showing that "it would be impracticable or extremely difficult to fix the damage," and in default of such showing, the court properly disregarded the stipulation as void and rendered judgment, upon due proof, for the actual damages sustained by plaintiff for breach of the contract in excess of such stipulation.

ID.—BURDEN OF PROOF UPON PARTY RELYING UPON STIPULATED DAMAGES.—The burden of proof to sustain the provision for liquidated damages is upon the party relying thereon, whether plaintiff or defendant. If the plaintiff sues upon such stipulation, he must plead and prove the facts sustaining its validity. But if the plaintiff's claim is based upon the actual damages sustained, it is for the defendants to show the validity of the stipulation in bar of a recovery of damages beyond it.

ID.—SHOWING MADE FOR PLAINTIFF OF PRACTICABILITY OF FIXING ACTUAL DAMAGES.—Held, that a sufficient showing was made by competent witnesses for the plaintiff that it was neither im-

practicable nor extremely difficult to fix the damage, but that, on the contrary, it was a simple matter to ascertain plaintiff's actual damages, and to support findings against the validity of the stipulation and for the award of actual damages sustained.

ID.—PENALTY FIXED IN CONTRACT NOT A LIMIT OF RECOVERY IN ACTION FOR BREACH.—Even if the stipulation be regarded as a penalty fixed by the contract that would not be a limit of recovery in an action for breach of the contract, in which plaintiff is not suing for the penalty.

ID.—IMPROPER ELEMENT OF DAMAGES—DOUBLE DAMAGES—MODIFICATION OF JUDGMENT.—Where the court properly allowed as an element of damages what it would cost to return to the lot an excess of sand removed beyond the terms of the contract, and at the same time charged defendant the agreed price per yard for removal thereof, thus imposing double damages, this court will modify the judgment by deducting such price from the amount of the judgment and allowing to appellants the costs of the appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. M. C. Sloss, Judge.

The case was commenced in Department No. 8, of which George A. Sturtevant is judge; but the trial was had solely before M. C. Sloss, Judge, who made the findings and settled the statement. Further facts are stated in the opinion of the court.

Fisher Ames, and Ames & Manning, for Appellants.

Myrick & Deering, for Respondent.

KERRIGAN, J.—This is an action for damages for breach of contract. Plaintiff owned a piece of land in San Francisco known as Block 39, bounded by Van Ness avenue, Polk street, North Point and Bay street, and on February 21, 1901, entered into a contract with defendants, by the terms of which the defendants were to remove 7000 cubic yards of surplus sand from said block and to pay therefor six and one-quarter cents per cubic yard; they were also to level and grade said block and streets to the official grade, and to cover the entire surface of said block and one-half the streets fronting thereon with clay to the depth of two inches; all of which

was to be done on or before August 31, 1902, and without any expense to the plaintiff.

It appears from the findings (which are supported by the evidence) that the defendants removed from the said block 11,388 cubic yards of sand, being 4,388 cubic yards in excess of the quantity specified in the contract; that they did not grade or level to the official grade the said block and streets, nor cover said block and one-half of said streets with clay to the depth of two inches or at all. The court further found that plaintiff, in order to bring her said land to the official grade and level, will be obliged to place thereon 4,388 cubic yards of earth, which will cost her the sum of $1090.17; that the defendants have paid the plaintiff only $144.52 on account of the amount due to her for the sand removed from her said block, leaving a balance due thereon of $567.23.

In accordance with these findings a judgment was entered for the plaintiff for the sum of $1657.47. The appeal is from that judgment and from an order denying defendants' motion for a new trial.

The contract contained the following provision: "For any violation of or default in the stipulation or covenants of either of the parties to this agreement, the defaulting party shall pay to the aggrieved party the sum of $1,000 as liquidated damages." The court below held this clause of the contract void under section 1670, Civil Code, and awarded the plaintiff the actual damages.

That section reads: "Every contract by which the amount of damages to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section." The next section (section 1671) is as follows: "The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Defendants assert that there is no evidence whatever upon the question whether it was practicable or not to fix the actual damages suffered by the plaintiff, and that therefore the finding of the court that this provision of the contract is void cannot be sustained.

If there was no evidence on the subject, still defendants' position cannot be maintained, for, under the sections just quoted, and under the decisions, the burden was upon the defendants to show by competent evidence that the clause of the contract arbitrarily fixing the damages was valid.

This point was considered in *Patent Brick Co.* v. *Moore*, 75 Cal. 205, 209, [16 Pac. 890], where there was a stipulation in a building contract to pay the owner a specified amount as liquidated damages for each day's delay in completing the building. The court held that this provision in the contract was not of itself, in the absence of all other evidence on the subject, sufficient to sustain the clause. The court further said that while there might be contracts which from their very nature would warrant parties in anticipating and fixing damages to be recovered on a breach, yet, said the court, "it must always, it seems to us, be demonstrated by satisfactory evidence that the case is one where such liquidated damages may, under the statute, be contracted for and recovered."

In *Long Beach etc. Dist.* v. *Dodge*, 135 Cal. 401, 405, [67 Pac. 499, 501], it is said: "It is clearly incumbent upon the party seeking to recover upon such agreement (liquidated damage clause) to show by averment and proof that his case is within the exception."

In Montana the law on this subject is in the same language as ours, and there, in *Deuninck* v. *West G. I. Co.*, 28 Mont. 255, [72 Pac. 618], the court said: "If a suit be brought on a contract for the actual, and not the liquidated, damages, it is for the defendant to show the court by proper answer and competent proof that the contract for stated damages is valid."

But we think the findings complained of are supported by the evidence. An expert civil engineer, called on behalf of plaintiff, testified that it would take 4,388 cubic yards of earth to bring the block to the official grade established at the time the contract was made. Two other witnesses were called by the plaintiff, who for forty-one and twenty-five years respectively had been engaged as contractors in grading and leveling blocks and streets, and they testified that it would cost a certain fixed sum per cubic yard to fill and grade the block, and another certain sum per cubic yard to

cover the described area with clay. From the testimony of these witnesses it appears that it was not an impracticable, but on the contrary a simple, matter to ascertain plaintiff's actual damages.

This case in one respect is like *Pacific Factor Co.* v. *Adler*, 90 Cal. 110, 120, [25 Am. St. Rep. 102, 27 Pac. 36, 38], for "when the plaintiff rested, the 'nature of the case,' . . . was such that the court could decide as a fact that it was neither extremely difficult nor impracticable to fix the actual damage sustained by the plaintiff by reason of defendant's breach of the contract."

Defendants suggest that "even if the provision as to liquidated damages be void as to the *fixing of the amount* of damages, it may still be of effect as *setting the limit* of damages." To sustain this position *People* v. *Central Pacific Ry. Co.*, 76 Cal. 38, 39, [18 Pac. 90, 95], is cited, where the court said: "The statement of a penalty in a contract is of very little importance, its only consequence being to limit a recovery of actual damages, so that no more perhaps can be recovered than the sum named in the penalty." But in that case the question was not before the court whether the amount stated in the contract was the limit of the recovery, and what the court said in that regard was purely by way of dictum. Treating, however, the provision as a penalty, still the amount named would not be the limit of plaintiff's recovery. In *Noyes* v. *Phillips*, 60 N. Y. 408, there was an agreement for an exchange of land with this clause, "and the parties to these presents each agree to give a good and sufficient deed for their respective pieces of property on or about the 1st day of April, 1873, or forfeit the sum of $500," and defendant's counsel asked the court to charge that the jury could not under any circumstances go beyond the sum of $500, or that sum and interest from April 1, 1873. The court declined so to charge, and defendant's counsel excepted. The jury found a verdict for $1,000. Appellant contended that "the recovery could not exceed $500." The appellate court (Chief Justice Church) said as follows: "The second point is not tenable. It being a penalty and contained in an agreement *inter partes*, the plaintiff has his election to sue for the penalty or for a breach of the contract. In the latter event

he is not limited in the amount of damages to the penalty,''
and the judgment below was affirmed.

This ruling was followed in *Matter of Carter*, 21 App. Div.
118, 123, [47 N. Y. Supp. 383].

So, also, the supreme court of Florida, in *Smith* v. *Newell*,
37 Fla. 147, [20 South. 249], after discussing the question
whether the sum was liquidated damages or penalty, says that
if the sum mentioned in the contract is construed to be merely
a penalty the plaintiff ''must prove the actual damage that
he has sustained, and he cannot in such a case recover any
greater sum as damages than his proof shows him to have
actually sustained in consequence of the breach of the con-
tract. In such cases plaintiff is entitled to recover all such
damages as he proves himself to have exactly sustained in
consequence of the breach, whether they exceed the amount
of the penalty mentioned in the contract or not. The amount
of the penalty does not, in such cases, limit the amount of the
recovery.''

The court in its judgment required the defendants to pay
the plaintiff six and one-quarter cents per cubic yard for the
4,388 cubic yards of sand removed, and at the same time
compels them to pay what it will cost to restore to the lot
this amount of sand, thus for the one item of injury giving
to the plaintiff double damages. The judgment is therefore
hereby modified by deducting therefrom the sum of $274.25,
the amount allowed for the 4,388 cubic yards of sand at six
and one-quarter cents per cubic yard, and thus modified the
judgment and order appealed from are affirmed, appellants
to recover costs of this appeal.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the
district court of appeal on October 18, 1909, and a petition
to have the cause heard in the supreme court, after judgment
in the district court of appeal, was denied by the supreme
court on November 15, 1909.