[Civ. No. 2177.  First Appellate District.—November 7, 1917.]

## JAMES D. DONLON et al., Copartners, etc., Respondents, v. CELINE MEYER et al., Copartners, etc., Appellants.

SALE OF GRAIN BAGS—DEMAND FOR DELIVERY—TENDER OF PRICE—WHEN NOT REQUIRED.—In an action for damages for refusal to make full delivery of grain bags under an agreement to sell and deliver, it is unnecessary for the complaint to allege a tender of the price of the undelivered bags, where it is fairly inferable from the allegations of the complaint that the defendants were doing business in a different place from where the bags were located, since it is unnecessary that actual payment or offer of payment accompany a demand for delivery, where the goods are not present at the time of demand.

ID.—REFUSAL OF DEFENDANTS TO DELIVER—ACCRUAL OF CAUSE OF ACTION —PERFORMANCE OR OFFER OF PERFORMANCE NOT REQUIRED.—In an action for damages for failure to make full delivery of grain bags under an agreement to sell and deliver, where it appears from the allegations of the complaint that in response to a demand for de-

livery subsequent to the time when delivery was due under the agreement, the defendants notified plaintiffs they would make no other or further delivery under the terms of the original agreement, the plaintiffs' cause of action accrued without the necessity of performance or offer of performance.

ID.—EXTENSION OF TIME FOR DELIVERY—UNEXECUTED ORAL AGREEMENT —ASSERTION OF INVALIDITY — DEFENDANTS NOT ESTOPPED.—In an action for failure to make full delivery of grain bags under a written agreement to sell and deliver, where it is found that the time for delivery was extended by an unexecuted oral agreement, at the request and for the convenience of the defendants, the defendants are not estopped from asserting that they are not bound by the agreement, in the absence of any allegation of fraud on the part of the defendants.

ID.—WRITTEN CONTRACT—ORAL AGREEMENT EXTENDING TIME FOR PERFORMANCE—CONSTRUCTION OF SECTION 1698, CIVIL CODE.—Section 1698 of the Civil Code does not prevent a plaintiff from suing on the original written contract, as the rule that neither party to an action can at law avail himself of a parol agreement to vary or enlarge the time for performing a contract previously entered into in writing, and required so to be by the statute of frauds, serves rather to preclude the defendant from setting up an agreement to enlarge the time for delivery in answer to the plaintiff's demand than to prevent the plaintiff from suing on the original contract for a breach of it.

APPEAL from a judgment of the Superior Court of Contra Costa County. A. B. McKenzie, Judge.

The facts are stated in the opinion of the court.

M. R. Jones, and Titus, Creed, Jones & Dall, for Appellants.

W. S. Tinning, A. B. Tinning, and Matthew Ward, for Respondents.

LENNON, P. J.—This is an appeal from a judgment in favor of the plaintiffs. Defendants appeal on the judgment-roll alone and urge as grounds for a reversal of the judgment the following points, namely, that the amended complaint does not state a cause of action, and that the findings do not support either the conclusions of law or the judgment.

It appears from the record that on April 29, 1915, L. Meyer & Company agreed to sell, and Donlon Brothers agreed to buy, thirty thousand grain bags at six and three-fourths cents per bag, payable on delivery, delivery to be made during the

months of June, July, 1915. Up to June 30, 1915, defendants, in pursuance of the contract, had delivered to plaintiffs two thousand bags. About the middle of July, 1915, plaintiffs demanded of the defendants delivery of the remaining twenty-eight thousand bags, but defendants requested that they be allowed to deliver the remaining bags within a reasonable time after the month of July, 1915, and plaintiffs, upon the representation of defendants that the postponement would be of advantage to the defendants, orally consented to the proposed postponement. Thereafter, and up to January 22, 1916, the defendants continued to deliver bags to the plaintiffs. On that date defendants refused to deliver any more bags. The value of the 11,069 bags which remained undelivered to plaintiffs on January 22, 1916, was $1,300.62, and as the contract price was $747.17, the court awarded damages in the sum of $553.45.

In support of the first point defendants contend that the amended complaint is defective because it does not contain an allegation that plaintiffs tendered the price of the bags. While it is true that the complaint is not free from uncertainty as to whether or not a demand was made for delivery during the months of June and July, 1915, which was the time provided for delivery by the original contract, nevertheless we think it is fairly inferable from the allegations of the complaint as a whole that such demand was made, accompanied by a statement in effect that the plaintiffs were ready, able, and willing to accept delivery of the bags and pay therefor.

It is also fairly inferable from the allegations of the complaint that while the plaintiffs and the defendants were both doing business in the town of Antioch, in Contra Costa County, the bags, which were the subject matter of the contract, were in the warehouse in San Francisco. Hence it is apparent that the bags were not present at the time of the demand to be delivered to the plaintiffs, and therefore it was unnecessary that actual payment or offer thereof accompany the demand for delivery, for "If the goods are not present to be delivered to the buyer, the buyer may accompany his demand with an offer to pay when actual delivery is made to him." (*Pearson* v. *McKinney,* 160 Cal. 649, 660, [117 Pac. 919].)

Even if it cannot be said that the complaint does, in effect, allege a demand for delivery at the times when delivery was due under the original contract, still other allegations of the

complaint, even though they were intended to be the foundation for a cause of action, in part, for the failure to deliver pursuant to the parol agreement to extend the time of delivery, nevertheless suffice, in our opinion, when read and considered with the allegations of the complaint as a whole, to constitute a demand for delivery subsequent to the time when delivery was due under the original contract. The complaint further avers that in response to that particular demand the defendants notified plaintiffs that they would make no other or further delivery under the terms of the original contract. That being so, then pursuant to the provisions of sections 1439 and 1440 of the Civil Code the plaintiffs' cause of action accrued without the necessity of previous performance or offering to perform the condition of payment on their part.

If either construction of the complaint concerning the demand be correct, then, in the absence of a special demurrer, it must be held that the complaint stated a cause of action upon the original contract.

The trial court made a finding to the effect that the time of performance of the original contract was extended by an unexecuted oral agreement. Defendants contend that under this finding the trial court should have declared as a conclusion of law that the oral extension of the contract was invalid. The plaintiffs, on the other hand, argue in support of the finding and conclusion of law that inasmuch as they entered into the oral agreement at the request and for the convenience of the defendants, that defendants are estopped from asserting that they are not bound by the oral agreement, and the case of *Seymour* v. *Oelrichs,* 156 Cal. 782, [134 Am. St. Rep. 154, 106 Pac. 88], is relied upon to support this contention.

That case affirms the right of courts of equity to hold a person estopped to assert the statute of frauds where such assertion would amount to practicing a fraud, stating that the operation of this equitable doctrine is not limited to any particular class of contracts included within the statutes of frauds, provided, always, the essential elements of an estoppel are present, and that to constitute an estoppel by acts or conduct, the presence of fraud on the part of the person estopped is necessary.

In the present case the complaint contains no allegation of fraud on the part of defendants nor any averment from which fraud might be inferred, nor did the court find fraud. "The

rule which prohibits the modification of a written contract by parol is a rule, not of evidence, but of substantive law. By that law the solemn obligations of parties evidenced by their writings may not be modified or set aside for fraud unless the rules of this substantive law in pleading the fraud are duly complied with." (*Harding* v. *Robinson,* 175 Cal. 534, [166 Pac. 808].) To extend the equitable doctrine expounded in *Seymour* v. *Oelrichs* to cover a case of this kind, where there is no fraud and the only injury consists in the breach of the contract, would be, in effect, to do away with section 1698 of the Civil Code.

However, that section does not prevent a plaintiff from suing on the original written contract. The rule that neither a plaintiff nor a defendant can at law avail himself of a parol agreement to vary or enlarge the time for performing a contract previously entered into in writing and required so to be by the statute of frauds serves "rather to preclude the defendant from setting up an agreement to enlarge the time for delivery in answer to the plaintiff's demand than to prevent the plaintiff from suing on the original contract for a breach of it." (*Hickman* v. *Haynes,* L. R. 10 C. P. 598; Williston on Sales, secs. 123, 124.)

While the finding that the extension of time within which to perform rested in parol should have compelled the conclusion of law that such extension was invalid because in contravention of the provisions of section 1698 of the Civil Code, nevertheless the plaintiffs' complaint pleads and the cause of action proceeds primarily upon the original written contract and a breach thereof by the defendant resulting in damage to the plaintiff. This finding is not assailed, as, indeed, it cannot be in the absence of a record showing the evidence adduced upon the trial of the case. This finding in itself is sufficient to support the judgment, and the judgment is therefore affirmed.

Kerrigan, J., and Richards, J., concurred.