BITOF and wife, Respondents, vs. HOPPE and wife, Appellants.

*February 12—March 10, 1925.*

*Specific performance: Exchange of property: Evidence: Sufficiency: Testimony that plaintiff was ready to perform: Letter of clerk of court concerning record of judgments: Admissibility: Tender by plaintiff: When necessary.*

1. In an action for the specific performance of a contract for the exchange of real property, evidence that the terms of the contract were discussed and agreed upon by defendants, that the document was read to and explained to them, that the defendants had expressed their desire to dispose of their property, and that they made up their minds to withdraw from the transaction before visiting plaintiffs' land, is *held* to warrant a finding that the defendants knew and understood the written instrument to be a present contract at the time of signing and to sustain a judgment for specific performance. p. 413.

2. Admission of plaintiff's testimony that he was ready, able, and willing to make the transfer on his part was not error where defendants' rights were fully protected by a judgment which required a conveyance by plaintiffs as a condition for a conveyance by defendants. p. 414.

3. A letter written by the clerk of the circuit court merely reciting that certain judgments against a prior owner of plaintiffs' farm were still unsatisfied of record, which letter had no proper certificate or seal attached, was not admissible, under sec. 4140, Stats., for the purpose of showing other liens on plaintiffs' farm in addition to the specified mortgage liability which defendants were to assume under the contract for the exchange of their lands. p. 415.

4. Where defendants expressly declared their refusal to be bound by the contract for exchange of lands, a formal tender to them by plaintiffs was unnecessary. p. 415.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This action was brought to enforce the terms of a written contract to exchange real estate which was signed by the defendants and the plaintiff *August Bitof* on Monday, April 17, 1922.

The plaintiff *August* had listed his eighty-acre farm in Clark county for sale with one F. Schwartz, a real-estate dealer in Racine, the preceding month. Defendant, a man advanced in years, was employed at a railroad crossing in Chicago, but owned a piece of real property with a house upon it in Racine which he valued for this exchange at $9,000, and it was then subject to a mortgage for $3,700, taxes and assessments of about $600, all of which plaintiffs were to assume. Plaintiffs were to give a second mortgage of $300 to even the trade, and then paid to Schwartz $100 to apply on such agreement. Schwartz was to be paid a commission by both. April 26th the contract was recorded at the office of the register of deeds at Racine though not yet acknowledged by plaintiff and wife. On May 3d the contract was withdrawn and sent to the plaintiffs and there acknowledged on May 6th, again returned to Racine and recorded.

The defendants had lived on a farm in Adams county for some fifteen years. They visited the said Schwartz, with whom they were long acquainted, on the night preceding the signing of the contract, and, feeling that they could not carry their Racine property any longer, mentioned that to Schwartz, who then brought plaintiff *August Bitof* and the proposed deal was discussed at length, photographs exhibited of some of the buildings on plaintiffs' farm, and statements made regarding the same. Within the week following defendant *Joseph Hoppe* informed Schwartz that he did not care to take the farm, but, on being advanced $10 by Schwartz for the purpose, went to Clark county, and on visiting the farm told the plaintiffs he did not care to exchange. He subsequently placed his Racine property again in the hands of Schwartz for disposal and shortly thereafter sold to another for $7,500. Schwartz notified the plaintiffs about May 10th that the deal was not to be carried out and sent to them quitclaim deeds on the Racine property for their signature and return, expressing readiness to return

the $100 advanced upon receipt of the executed quitclaims and that he would procure similar releases of the Clark county farm from defendants, and such were subsequently executed. Schwartz subsequently in writing declared his willingness to waive all claims for commission.

Summons herein was served in June. The defendants therewith entered their appearance, but no complaint was served until January, 1923.

Defendants' answer, verified February 7, 1923, admitted the allegation as to the ownership by plaintiffs of their farm and admitted the execution of the written agreement of April 17th for the exchange of the therein described real estate, but alleged that the signing of and carrying out of such agreement was upon the express condition and understanding that defendants were to have the privilege of inspection and that plaintiffs' farm was as represented. Defendants further admitted seeing the plaintiffs pay to their agent, Schwartz, the check of $100, but alleged that the reason for said payment was never explained to them. It was further recited that the said written agreement "was obtained by the plaintiffs and Schwartz as the result of representations concerning the plaintiffs' farm which defendants learned upon inspection were absolutely and positively fraudulent." The only relief then prayed for was the dismissal of the action.

On the trial on May 2, 1923, the defendants were permitted, over objection by plaintiffs, to assert by way of counterclaim and as a basis for a prayer for the cancellation or rescission of said contract, allegations to the effect that the plaintiffs, knowing that the Clark county farm was barren and unproductive, unfertile, and untillable, its buildings dilapidated and cheaply constructed and not habitable, falsely and fraudulently represented the contrary to defendants; and that the plaintiffs, well knowing that the value was not in excess of $30 per acre, falsely and fraudulently represented the same to be of the value of $35 to $100 per acre,

and falsely and fraudulently thereby induced the defendants to contract for said premises at and for the sum of $6,500; and in reliance upon such representations defendants agreed and entered into the said contract. That they were unable to read or write the English language, and that at the time such contract was drafted it was represented to them by said Schwartz, the agent of both parties, that such contract was not one of purchase or sale but merely a written record of the talks that had passed between the parties and for the sake of making a permanent record thereof, and that papers transferring the title would not be executed for a week or two thereafter and after defendants had had an opportunity to view the farm.

The material parts of the court's findings are to the effect that neither the plaintiffs nor their agent, nor any one for them, misrepresented to defendants the material facts which induced them to sign the said agreement; that the defendants understood the deal and the contract entered into by them at the time of the signing; that the plaintiffs have at all times been ready and willing and able to carry out the terms by them to be performed, but defendants have refused so to do. It was determined that the plaintiffs are entitled to specific performance, and that upon the delivery or tender of a proper conveyance by defendants of the Racine property to plaintiffs, plaintiffs shall thereupon execute and deliver to the defendants a deed of the Clark county property subject to the $1,500 mortgage and according to the contract, in terms to be approved by the trial court in case the parties disagree as to such terms. From the judgment the defendants have appealed.

The cause was submitted for the appellants on the brief of *Thomas P. Hardy,* attorney, and *Simmons, Walker & Wratten,* of counsel, all of Racine, and for the respondents on that of *Otto Ahrens,* attorney, and *Beck, Simpson & Smalley,* of counsel, all of Racine.

ESCHWEILER, J.   If the testimony of the defendants were true, there were material and false representations made by plaintiffs and on their behalf as to the nature of the soil of the Clark county farm, the condition of its buildings, the amount and size of the trees on the same, and if believed by the trial court would have required the dismissal of the complaint and the granting of the defendants' counterclaim.

There was testimony, however, flatly contradictory of that given by the defendants in regard to such matters, and, in our judgment, from an examination of the record, we can find no ground for setting aside the conclusion of the trial court, before whom such witnesses testified, that the plaintiffs' version of the transaction should be believed rather than that of defendants.

There was here admittedly signed by the defendants a clearly expressed written contract whereby the two parties bound themselves to a present exchange of their respective holdings upon clear and definite terms.   The defendant *Joseph Hoppe,* on cross-examination, admitted that the terms therein expressed were discussed and agreed upon as the basis of the transaction between them prior to and at the time of the signing of the document.   The testimony is clear and convincing that the document was read and explained to the defendants at the time they signed.   We think the court was fully warranted in holding as he did that the defendants did know and understand that it was a present contract at the time they signed.

Defendants had known the mutual agent, Schwartz, for many years and were on very friendly terms with him, and disclosed to him their desire to dispose of their Racine property because of their inability to provide the necessary money to meet the interest due and charges for the improvements. The defendant *Joseph Hoppe* had been a farmer for fifteen years prior to this time and on a farm in Adams county a short distance to the southeast of Clark county, and, accord-

ing to some of the testimony, declared a familiarity with the farms in plaintiffs' vicinity. It further appeared that the defendant *Joseph Hoppe* before visiting plaintiffs' farm had made up his mind to withdraw from the transaction and so announced to their mutual agent, Schwartz, so that the trial court might well have reached the conclusion that the desire by defendants to repudiate the transaction was upon other grounds than those subsequently relied upon in the pleadings, and which conclusion might well substantially lessen the weight to be attached to defendants' testimony as to any alleged representations having been made.

Defendants contend that the court erred in permitting the plaintiff to testify that he was ready, able, and willing at all times to make the transfer on his part and in the finding of such readiness and ability. There is no force to this contention, and the rights of the defendants are fully protected by the terms of the judgment, which requires a conveyance by plaintiffs as a condition for the conveyance by defendants, and in case of dispute between the parties as to the terms of such mutual conveyances the matter was still open for further disposition by the trial court.

Appellants also contend that the court erred in refusing to receive, subsequent to the trial, an alleged certificate from the clerk of the circuit court for Clark county purporting to be a recital of what his examination of the court records disclosed as to certain still unsatisfied judgments against a prior owner of the Clark county farm, it being offered by defendants for the purpose of showing other liens on such farm in addition to the specified mortgage liability which defendants were to assume; there being otherwise uncontradicted testimony on the trial by plaintiffs to the effect that such judgments or liens had been paid.

That which was so offered was a letter of May 5, 1923, to defendants' attorney by the clerk of the court, and recited that certain judgments are still unsatisfied of record. This

offer is attempted to be justified under sec. 4140, Stats. This section in substance provides that as to records, papers, or files in or concerning any action or proceeding in any court of the state, copies thereof, being certified by the clerk having legal custody of the original to have been by him compared with the original and to be a true copy thereof, such certificate, having affixed the seal of the court or of such officer, if any be required by law to be kept, shall be received with like effect as the original.

The document offered did not on its face purport to be more than a recital of what the writer thereof found by his examination, had no proper certificate nor any seal attached. Such letter was clearly inadmissible. *Reed v. C., M. & St. P. R. Co.* 71 Wis. 399, 402, 37 N. W. 225.

Defendants having expressly declared their refusal to be bound by the contract, a formal tender to them would have been an idle ceremony and therefore an unnecessary formality, and their objection on that score is without merit. *Russell v. Ives,* 172 Wis. 123, 126, 178 N. W. 300.

*By the Court.*—Judgment affirmed.