[Civ. No. 3863. Third Appellate District.—December 20, 1929.]

IRA D. PYLE et al., Respondents, v. WILLIAM E. BENJAMIN, Appellant.

Bryce Swartfager and Harry T. Kyle for Appellant.

Wallace L. Ware and George W. Murphy for Respondents.

JAMISON, J. *pro tem.*—Respondents, as real estate agents, recovered judgment against appellant for $600, $500 of said judgment being for commission on the exchange of real estate and $100 for attorney's fees. From this judgment appellant has appealed.

It appears from the evidence that about the first day of October, 1926, appellant called on respondents at their office and told them that he had a tract of land which he desired to sell or exchange. Through the efforts of respondents a party was found, a Mr. Fred C. Feltz, who was willing to exchange some land he owned for that of appellant, and

thereafter, on October 25, 1926, appellant and said Feltz entered into a contract for the exchange of certain tracts of land owned by each, respectively, the exchange to be completed by November 1, 1926. Thereafter, a new contract was entered into between them, extending the time for completing the exchange to November 15, 1926. By the terms of these contracts respondents were made the joint agents of appellant and Feltz in the said matter of exchange, and it was therein provided that upon both appellant and Feltz signing the contracts, they would pay respondents a commission of $800, appellant's share thereof to be $500, and Feltz's share to be $300; with the further provision that if either of the parties to said contracts refused to complete or consummate the contracts or any part thereof, the party so refusing should pay said agents $100, as liquidated damages for services rendered. The said contracts also contained a provision that in the event of a suit to enforce the collection of the commission, the party in default should pay an attorney fee of $100. The new contract also provided that the exchange was to take place on or before November 15, 1926, giving sufficient additional time to remove defects in the title, if any, to the property to be exchanged, and providing that if such defects were not so removed or adjusted, then the party at fault should pay the said commission as agreed. The new contract was signed by respondents and appellant on November 9, 1926, and upon the following day each of them executed deeds to the other for the land to be exchanged, and said deeds were placed in escrow with the Sonoma County Abstract Bureau, to be recorded after the title to the property of each party had been corrected. Feltz testified that on November 13, 1926, appellant called on him at the office of respondents, and asked him for the key to the property that Feltz had deeded to him, stating to Feltz that he would visit this property the next day, and would take with him, to look at said property, a party to whom there was a prospect of trading same. Feltz delivered the key to appellant, but it was never returned to him. Respondent Wright testified that he was present on November 13, 1926, when the key was delivered to appellant; that on November 14, 1926, appellant telephoned him that he would call the deal off; that he was not going through with it; and from said last-

named date refused to carry through the deal for the exchange of said property; that appellant gave as his reason for said refusal, that the Feltz property was too cold, too many shade trees upon it. Appellant testified that he did not change his mind about the deal until November 16, 1926, and that the reason he changed his mind and refused to go ahead with the deal was because he learned that the $5,000 mortgage or deed of trust he was to assume called for eight per cent interest instead of seven per cent.

■ Appellant assigns as error the finding of the court that upon the signing of the contract by appellant and the said Feltz, appellant agreed to pay respondents the sum of $500. He contends that if any liability attaches by virtue of the contract, that liability would be the sum of $100 instead of $500, for the reason that it is provided in said contract that the party who refuses to complete the said contract shall pay to the agents the sum of $100 as liquidated damages for the services rendered. Section 1670 of the Civil Code declares that contracts wherein the amount of damage to be paid for breach of the obligation, is determined in anticipation thereof, are void to that extent except as provided in section 1671 of said code, and this latter section provides that parties to the contract may agree upon the amount of the damages when from the nature of the case it would be impracticable or extremely difficult to fix the actual damages. In the case of *McInerney* v. *Mack,* 34 Cal. App. 153 [166 Pac. 867, 868], the court said: "In such action as this, as a matter of defense, defendant must show to the court by proper pleadings and competent proof that the contracts fall within the law permitting liquidated damages. This does not depend entirely upon the contract itself. Facts must be pleaded and proven from which the court can say as a matter of law that the contract for liquidated damages is valid because from the nature of the case it would be impracticable or extremely difficult to fix the actual damage." (*Sherman* v. *Gray,* 11 Cal. App. 348 [104 Pac. 1004]; *Long Beach etc. Dist.* v. *Dodge,* 135 Cal. 401 [67 Pac. 499]; *Sunmaid Raisin Growers of California* v. *Paul A. Mosesian & Son,* 90 Cal. App. 1 [265 Pac. 828]; *Hanlon Drydock etc. Co.* v. *McNear,* 70 Cal. App. 204 [232 Pac. 1002].)

In the case under consideration the defendant has wholly failed to disclose, either by pleading or proof, anything to bring this alleged defense within the provision of the said section 1671 of the Civil Code. For the purpose of determining whether or not "from the nature of the case it would be impracticable or extremely difficult to fix the actual damage," the court must examine the attendant and surrounding circumstances under which the contract was entered into as well as the terms of the contract itself. (*Pacific Factor Co.* v. *Adler*, 90 Cal. 110 [25 Am. St. Rep. 102, 27 Pac. 36].) By the terms of the contract which they each signed, the appellant and Feltz both agreed that the value of the service of respondents in bringing the deal to the point where both parties signed the contract for the exchange was the sum of $800. There could be no uncertainty as to the amount of damages respondents would sustain by the refusal of either of the parties to said contract to carry out and perform it after signing same. By the very terms of the contract respondents were entitled to receive from the contracting parties the full commission of $800 upon the signing of the contract. It therefore clearly appears that the attempt to fix the damage respondents would suffer by the failure or refusal of appellant or Feltz to complete the contract would not fall within the provisions of said section 1671 of the Civil Code, but that it does fall within the provisions of section 1670 of said code.

Appellant next contends that respondents' cause of action is barred by section 1559 of the Civil Code, upon the theory that the contract having been made for the benefit of respondents, they not being parties thereto, it was rescinded before this action was commenced. The said section 1559 is as follows: "A contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." Section 1689 of the Civil Code sets forth the conditions under which a party to a contract may rescind it. These conditions are contained in five subdivisions of said section. Appellant does not indicate in his brief under which of those subdivisions the alleged rescission resulted. He simply states that the contract of exchange was rescinded before November 25, 1927, the date this action was commenced, and that this rescission was effectuated by the open, mutual aban-

donment of the contract, made manifest by the conduct and action of the parties.

The court found that at the time said contract was executed, and for many months subsequent thereto, the said Feltz was ready, able and willing to make the exchange, and to perform all the terms and covenants of said contract, agreed by him to be performed, but that on the fourteenth day of November, 1926, appellant refused, and ever since then has refused to make the exchange, or to perform any of the terms, covenants and conditions of said contract which he agreed to perform, and this finding is supported by substantial evidence. Appellant never at any time gave any notice of the rescission of said contract. He admits that he told respondent Wright, on November 18, 1926, that he would not carry out the contract, and had his attorney, on November 30, 1926, appear at the office of the Sonoma County Abstract Bureau, with whom his deed was deposited in escrow, and mark across the face of said deed the word "canceled." He claims, however, as justifying his repudiation of the contract, that Feltz had not removed all defects from the title to the land which Feltz was deeding him, as by the terms of said contract Feltz was required to do. Admitting that this was true, yet the contract, while providing that the time limit was November 15, 1926, also provided that either of said parties was given sufficient additional time to remove such defects, and, therefore, neither of them could have been in default under said contract until at least a reasonable time for removing the defects had expired. ■ Then again, the trial court having found, upon substantial evidence, that appellant, on the fourteenth day of November, 1926, which was prior to the time limit named in the contract, had breached and repudiated it by refusing to carry out its terms, and had so notified the said Feltz through his agent, the said Feltz was under no obligation to continue to perform his obligations thereunder. (Sec. 1440, Civ. Code; *Donlon* v. *Meyer*, 35 Cal. App. 225 [169 Pac. 447]; *Mulborn* v. *Montezuma Imp. Co.*, 69 Cal. App. 621 [232 Pac. 162].) There is no evidence upon which appellant can base the claim that the contract was rescinded. Respondents did not rescind it, or in any way attempt to do so. ■ Even had appellant attempted to rescind the contract, he could not have done so after he

breached and repudiated it. The rule is general that the right to rescind a contract rests only with the party who is without default. (*Fairchild etc. Co.* v. *Southern etc. Co.,* 158 Cal. 264 [110 Pac. 981]; *California Sugar etc. Agency* v. *Penoyar,* 167 Cal. 274 [139 Pac. 671]; *North American Co.* v. *Outer Harbor Co.,* 178 Cal. 406 [173 Pac. 756].)

There is no merit in the contention of appellant that the court erred in overruling his demurrer.

The judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.