KOCSIS *v.* WROBLEWSKI ET AL.

[No. 15,020. Filed June 19, 1935. Rehearing denied October 18, 1935.]

*George Kurtz,* and *Walter R. Arnold,* for appellant.

*Charles R. Lewinski* and *George W. Sands,* for appellees.

KIME, J.—This is an appeal from a judgment against the appellant and in favor of appellees on appellant's complaint for liquidated damages on appellees' repudiation of a contract for the exchange of lands. Before the trial appellant filed his written request for special finding of facts and conclusions of law thereon and, the cause being at issue, trial was had. At the close of the plaintiff's evidence the appellees filed a written motion for judgment, which motion was overruled and the hearing resumed and concluded and the court thereupon stated its special finding of facts and stated conclusions of law thereon. The special finding of facts, among other things, discloses that the contract, after describing the various pieces of property, contains the following:

> "In the event the titles do not appear merchantable, time will be extended by mutual consent as to giving possession, until the title found not merchantable can be made so within a reasonable time.
>
> "It is hereby further understood and agreed between all the parties to this contract, that if each can show merchantable title to their respective properties, and that, if either party fails to com-

plete the transaction herein mentioned, the party failing to do so agrees to pay to the damaged party as and for liquidated damages the sum of $1,000.00 and also all attorneys' fees and costs in connection with the enforcement of this contract."

That appellees informed appellant sometime between the 31st day of August and the 5th day of September, 1929, that they would not go through with the contract because the title to the real estate to be transferred by appellant to the appellees was "no good."

Finding of facts numbers 6 and 7 are as follows:

"The court further finds that abstracts of title were delivered to the said attorney Lewinski on the direction of the defendants, by the plaintiff on the — day of August, 1929, and subsequent to the transactions between plaintiff and defendants as enumerated above, before the commencement of this action, and approximately on the 10th or 15th days of September, 1929, but subsequent to the last visit of said plaintiff to the office of Lewinski as found in the next preceding finding, and said defendants' attorney, Lewinski, delivered to the attorney for the plaintiff, George Kurtz, after the latter was employed to prosecute this action, a memorandum purporting to be an opinion based upon the abstracts of title so delivered by plaintiff to the said defendants' attorney as heretofore mentioned in the special findings and which said opinion pointed out twenty-nine specific defects or imperfections in the title as disclosed by the abstracts, and none of which defects or imperfections were pointed out to said plaintiff or to anyone in his behalf by the defendants or anyone in the defendant's behalf, prior to the 15th day of September, 1929.

"The court further finds that on the 22nd day of August, 1929, and likewise on the 3rd day of September, 1929, the defendants repudiated the said contract and their obligations thereunder on the demand of the plaintiff on each of said occasions for performance, and that plaintiff was on each of said occasions ready, able, and willing to perform, and on each of said occasions was in position with reasonable time to endeavor to cure any defects in the title that may have been pointed out to the plaintiff

by the defendants, or anyone on the defendants' behalf before the said repudiation and refusal on the part of the defendants to carry out and perform the contract aforesaid."

The conclusions of law herein are as follows: (1) That the law is with the defendants; (2) that the plaintiff is not entitled to recover in this action from the defendants; and (3) that the defendants are entitled to judgment against the plaintiff and to recover from the plaintiff their costs in this cause laid out and expended.

The judgment on the special finding of facts and conclusions of law is as follows:

"It is, therefore, considered and adjudged by the court that the plaintiff take nothing by this action from the defendants, and that the defendants have and recover from the plaintiff their costs in the cause laid out and expended."

This appeal followed and the errors assigned are that the court erred in its first, second, and third conclusions of law.

In order that an anticipatory breach of a contract may be treated as such the repudiation of the contract relied on must be without qualification. *Indiana Life Endowment Co.* v. *Carnithan* (1916), 62 Ind. App. 567, 109 N. E. 851. It is clear from the finding of facts herein that appellees, without qualification, renounced the contract and refused to perform thereunder. Immediately upon such renunciation by appellees the appellant was not only excused from further carrying out his part of the contract, but at his option had the right to treat the entire contract at an end for all purposes of performance, and could, if he so desired, and as he did, bring an action for liquidated damages, as provided by said contract. *Indiana Life Endowment Co.* v. *Carnithan, supra; Ind. Life, etc., Co.* v. *Reed* (1913), 54 Ind. App. 450, 103 N. E. 77. See also *Dekowski* v. *Strachura, et ux.* (1923), 181 Wis.

403, 195 N. W. 403. Hence the trial court erred in its conclusions of law.

The judgment is reversed with instructions to the St. Joseph Superior Court to restate the conclusions of law in accordance with this opinion and enter judgment thereon for appellant.