## BUSHEY v. DALE et ux.

No. 27786. Dec. 14, 1937.

Rehearing Denied Jan. 18, 1938.

Gordon T. Schaul, for plaintiff in error.

J. Q. A. Harrod and Laynie W. Harrod, for defendants in error.

DAVISON, J. In this case, the plaintiff, a real estate broker, sues the defendants for a broker's commission alleged to be due him from said defendants under the terms of a contract for the exchange of real estate which the defendants made with one Gus A. Magafos and Bertie Magafos through the efforts of the plaintiff.

The contract, attached to plaintiff's petition and made a part thereof, contains a description of the separate parcels of property which each of the parties thereto, by the terms thereof, agreed to exchange with each other. The contract also provides that each party shall furnish the other a complete abstract of title to his own respective property, showing a merchantable title thereto, and that in the event that either title showed faults or defects, the parties should have a reasonable time for perfecting same. It was also provided that all taxes, including both general and special taxes for the year 1935, should be paid. The provisions of said contract relating to the broker's commission for which this action is brought are as follows:

"It is specifically agreed by both parties hereto, that each shall pay to their authorized agent, Floyd E. Bushey, the regular local real estate board rate of commission, based on the value placed on their respective property by agreement between them and their said agent, for services rendered.

"We each of us expressly agree as further evidence of our intention to complete this deal in accordance with the terms herein, to put up our negotiable checks or cash, each in the sum of $150 payable to our said agent, and we hereby request that these checks be cashed, if checks are given, and the ] money deposited in the general trust fund of said agent and held pending the closing of this deal, and in the event either party hereto **shall default, either by refusal or neglect,** to complete this transaction as herein provided, the party in default shall permit said agent to retain the $150 put up by that party, and in addition shall be liable. not only for the balance of commission that party agreed to pay, but an amount sufficient to equal the total commission to be paid by both parties hereto; the other $150 put up by party not at fault shall be returned in full to that respective party."

The only evidence plaintiff introduced that is material to a decision of the issues raised on this appeal shows that each of the contracting parties had turned over to the other their respective abstracts for examination, and that after this was done and before opinions on the respective titles had been rendered by the respective examining attorneys for the parties, the defendant Dale had a conversation with the plaintiff in which he expressed dissatisfaction with the contract and voiced a desire to pay the plaintiff for the expenses already incurred in the transaction and go no further with the exchange. The only evidence of any direct refusal on the part of the defendant Dale is the plaintiff's testimony that he refused to pay the commission provided in the contract to be paid by the defaulting party.

At the close of plaintiff's evidence, the trial court sustained the defendants' demurrer thereto, and the plaintiff has brought this appeal, contending that said order was erroneous.

It is the contention of the plaintiff that he established a prima facie case against the defendants when he proved that he had procured the execution of a binding contract between the parties, without regard to whether said contract was later carried out or not, and also that the evidence which he introduced sufficiently showed the defendant to be in default of performing the contract, that the case should have gone to the jury.

While it is true, as the plaintiff asserts, that where a real estate broker is employed, for a commission, to make a sale or exchange of property listed with him, his commission is earned when a binding contract is entered into between the vendor and vendee, this proposition has no application to a case in which the earning of the commission is governed by the specific terms of a contract. The plaintiff does not bring his action upon a quantum meruit basis, but is suing for a certain amount provided in the contract which by the terms thereof is due from these defendants only upon the occurrence of certain contingencies set forth therein. By the express terms of said contract, neither of the parties thereto is liable for the entire broker's fee prescribed, until and unless there is a default in the performance thereof and in that event only the defaulting party is liable therefor. Consequently the duty devolves upon the plaintiff to prove that the parties against whom he is seeking to enforce liability under the contract are in default in performing same.

The defendants' position is that the contract was bilateral, containing mutual and dependent clauses, and that therefore a tender of performance on the part of Mr. Magafos and his wife, the other party to the contract, of the duties required of them by the contract, must be shown before said defendants could be considered in default of performing their part. While it is true that the obligations of each party to the contract were mutually dependent upon performance by the other party and the duties of each party to tender his abstract, clear his title, and tender his deed, his commission check, etc., were by the contract made to arise concurrently, yet a refusal on the part of one to perform his contract obligations could have amounted to a waiver of tender of performance on the part of the other. The general rules of law applicable to such a situation are stated in Corpus Juris as follows (23 C. J. 219, par. 57):

"* * * In the absence of anything to show a contrary intention, the contract must be performed on both sides concurrently in the case of an exchange of property. * * * Neither party therefore can put the other party in default except by full performance on his own part or a proper tender thereof unless performance and tender have been excused."

23 C. J. 225, par. 71:

"A formal tender may be rendered unnecessary by a party's notice that he does not intend to comply with the contract, or that he will not accept tender if it should be made, or by his having put it out of his power to perform by conveying his property."

23 C. J. 226, par. 73:

"* * * A failure to perform in accordance with the contract is excused where it is prevented by the acts of the opposite party, or where the other party absolutely repudiates the contract and refuses to perform or is unable to perform."

As we can only measure the defendants' "refusal or neglect" to complete the transaction, under the terms of the contract, by their obligations thereunder, it is now necessary to note what more they were to do, according to the provisions of the contract, than they did. They were to furnish a merchantable title, but there was no obligation to cure any defects in said title until the existence thereof was determined by the examining attorney of Mr. Magafos, the other party to the contract. The evidence discloses that nothing had occurred in that direction except the transfer of the abstract to Magafos for the purposes of examination. After the defendants' title had been found to be merchantable, they were then to tender to the Magafos a deed to said property, together with a sum of cash to pay the excess in the agreed value of the Magafos' property over the value of theirs, but their obligation to do these things did not become immediate under the terms of the contract until Magafos had tendered them a merchantable title to his own property, and there is no evidence of such tender. It is true that the evidence discloses no opinion on Magafos' title by the defendants' examining attorneys, but the reason for this does not appear in the evidence, nor does it appear that the defendants were in default in this respect. Assuming, then, as we must, from the record of the evidence, that the defendants had neglected none of the duties imposed upon them by performance or tender of performance by Magafos under the contract, and recognizing the fact, as the record shows, that the Magafos had made no tender of performing any of his obligations thereunder, except presentation of his abstract for examination, the question is narrowed to deciding whether or not there is in the record any evidence of such a refusal on the part of the defendants, in advance of tender by Magafos, as would constitute what is known in the law of contracts as an "anticipatory breach," so that Magafos was relieved from the duty of making such tender or the plaintiff, in this case, was relieved from proving the same in order to show a default on the part of the defendants. It is a well-established rule that the declaration on the part of one party to a bilateral, executory contract, of his intention not to perform it, thus making the other party's tender of performance futile, relieves the latter of the necessity of making the idle gesture of a formal tender. Bitoff v. Hoppe et ux. (Wis.) 202 N. W. 699; Kocsis v. Wroblewski (Ind. App.) 196 N. E. 367; Brandon v. Smith (La. App.) 133 So. 489; Pyle v. Benjamin, 102 Cal. App. 691, 283 P. 372; Smith v. David, 168 Ga. 511, 148 S. E. 265; Gaut v. Dunlap (Tex. Civ. App.) 188 S. W. 1020. However, it is equally well settled that such refusal must be distinct, unequivocal, and absolute in terms and treated and acted upon as such by the other party. R. T. Clark & Co. et al. v. Miller, State Revenue Agent (Miss.) 122 So. 475; American Bankers' Insurance Co. v. Moore (Tex. Civ. App.) 73 S. W. (2d) 620; Kocsis v. Wroblewski, supra; Trowbridge v. Jefferson Auto Co., 92 Conn. 569, 103 Atl. 843; Rauer's Law & Collection Co. v. Harrell,

484

32 Cal. App. 45, 162 P. 125; Phosphate Mining Co. v. Atlanta Oil & Fertilizer Co., 20 Ga. App. 660, 93 S. E. 532; Waterman v. Bryson, 178 Iowa, 35, 158 N. W. 466; Byren & Weil, Inc., v. French & Keeley, Inc. (Pa.) 157 A. 367. Under the decisions cited, mere expressions of dissatisfaction with the contract, or of a desire to rescind it, or of reluctance to perform it, or of intention to refuse to perform, in the absence of absolute refusal itself, are all insufficient to constitute a breach of the contract so 'as to relieve the opposite party from tendering performance on his part.

In the present case, the evidence shows nothing even indicative of refusal to perform on the part of the defendants, except certain remarks of Mr. Dale to the plaintiff indicating that he was dissatisfied with the contract and would be willing to pay the expenses of the transaction already accrued rather than complete the performance of it. There is no proof that the defendants ever refused to carry out the terms of the contract, and it is not at all certain that they would not have performed the rest of their obligations thereunder, had Magafos done anything that would have imposed upon them that duty. Furthermore, there is not an iota of evidence that the conversation between Dale and the plaintiff was the cause of Magafos failing to tender to the defendants a performance of the rest of his contract obligations. The plaintiff should have made certain that the defendants were in default of performance before calling upon them to pay the whole commission imposed as a penalty upon the defaulting party by the provisions of the contract, and it is not peculiar that they refused to pay, this penalty before they had been called upon to complete the contract and had refused. Since the burden was upon the plaintiff broker to show such a refusal, the same as it would have been upon Magafos if he had been suing the defendants for a breach of the contract, and in our opinion the evidence introduced by the plaintiff failed to discharge this burden, the order of the trial court sustaining the defendants' demurrer to the evidence is affirmed, and it is hereby so ordered.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. RILEY, J., absent.